## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT
## ORLANDO DIVISION

| | |
|---|---|
| **CHARLES HAROLD BEDGOOD, JOEL WILSON BRANDON, HANNAH LYN HEIL BRNADON, EDDIE MATHEWS JR.,  REENA T. SMITH, JUSTIN FLOYD DIAZ, CANDICE CLARK, and ROSLIND CHRISTINE HARPER,** ) ) ) ) ) ) ) ) | |
| **Plaintiffs, individually and on behalf of all other persons similarly situated,** ) ) ) ) ) | **Case No. 6:21-cv-00418** **JURY TRIAL DEMANDED** |
| **vs.** ) ) | |
| **WYNDHAM VACATION RESORTS, INC.,  WORLDMARK, THE CLUB, and WYNDHAM  RESORT DEVELOPMENT CORPORATION,** ) ) ) ) ) ) | |
| **Defendants.** ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO COMPEL ARBITRATION

Plaintiffs submit this Memorandum in Opposition to the Motion of Defendants (collectively Wyndham) to compel arbitration.  An incredibly solid body of law exists on the issue posed here:  if the American Arbitration Association (AAA) declines to hear a consumer arbitration case because the respondent refuses to comply with AAA rules, can the respondent then reverse course and move to

compel arbitration once the consumer initiates a lawsuit?  The resounding answer of the Eleventh Circuit, this District, and almost every court in the country, is <u>no</u>.

## I. Introduction

Plaintiffs Charles Harold Bedgood, Joel Wilson Brandon and Hannah Lyn Heil Brandon filed arbitration claims against Wyndham with the AAA pursuant to arbitration clauses in their Wyndham timeshare contracts which designate the AAA as the sole arbitration forum.   The AAA is mentioned <u>eleven</u> times in Wyndham's arbitration agreement.  The clause states that the arbitration **shall** be administered by the AAA.  (Complt. ¶ 12, and ¶ 34 (e) of the arbitration clause).  No other forum is mentioned either specifically or generally.

For the last eighteen months, the AAA has declined to hear Wyndham arbitrations.[1]  On December 30, 2020, the AAA wrote to the Brandons:

> Prior to the filing of this arbitration, Wyndham Destinations  failed to comply with the AAA's policies regarding consumer claims.   Accordingly, we must decline to administer this claim <u>and any other claims</u> between Wyndham Destinations and its consumers at this time.  (Exhibit A to Amd. Complt. and **Exhibit A** hereto, emphasis supplied.)

Plaintiff Bedgood got the same letter.  In their Class Action Complaint, Plaintiffs allege that Wyndham refused to pay AAA filing fees and that its arbitration clause, including the forum selection provision requiring all arbitrations to occur in Orange County, Florida violates AAA rules.  (Complt. ¶¶ 3, 5, 45, 46.)  Wyndham's motion

---

[1] The *King* order attached to Wyndham's motion to compel indicates that the AAA has been declining to administer Wyndham arbitrations since November 7, 2019.

does not dispute these allegations that it failed to pay AAA filing fees and  failed to comply with AAA rules.

By not complying with the rules of the arbitration forum which it chose, Wyndham has breached the arbitration clause and waived its right to arbitrate.  The Federal Arbitration Act (FAA) sections cited by Wyndham are inapplicable.   The AAA forum is not "unavailable".  Rather, Wyndham refuses to abide by its own form contract.  Virtually every court to consider this issue where the AAA declines to hear an arbitration due to a breach of its rules have <u>denied</u> motions to compel arbitration.

Within the last two months, two separate courts have denied this exact same motion of Wyndham on the same arbitration  clause under the same circumstances. In *Heisman v. Wyndham Vacation Resorts, Inc.*,  2021 U.S. Dist. LEXIS 55369, 2021 WL 1138125 (D. N.J. Mar. 22, 2021), the AAA sent a letter to the plaintiffs identical to the one received by Plaintiffs here.  The AAA declined to administer the arbitration because Wyndham had not complied with AAA rules.  In foreshadowing its holding, the *Heisman* court referred to Wyndham's motion to compel as "chutzpah".  2021 U.S. Dist. LEXIS at *1.   The court held that the FAA did not require arbitration, that Wyndham waived its right to compel arbitration, and that Wyndham materially breached the arbitration provision.  Wyndham chose not to appeal the decision to the Third Circuit.

3

Similarly,  in *Reynolds v. Wyndham Vacation Resorts, Inc. et al.* (Ct. Comm. Pleas, 15th Judicial Circuit. South Carolina, Case 2020-CP-26-07441, April 5, 2021)(Slip. Op attached as **Exhibit  B** hereto), the court denied Wyndham's motion to compel.  It found that Wyndham waived the arbitration provision, that the provision was unconscionable, and that Section 5 of FAA did not require arbitration because the AAA was not unavailable.

## Facts

Wyndham is the largest timeshare ownership program with 925,000 timeshare Owners.  (Complt. ¶29.)  Every year, thousands of Owners seek to cancel their contracts.  (Complt. ¶5.)  Plaintiffs alleged that the Wyndham contracts are induced by fraud.  (Complt. ¶11.)   Wyndham's motion to dismiss parallel fraud claims in five recent individual cases before this Court was denied.  (Complt. ¶11.)

Plaintiffs' contracts have the same form arbitration clause drafted with the sole forum chosen by Wyndham:

**34. Dispute Resolution/Arbitration.** Any Disputes between the Parties shall be resolved as follows:

**(a) Definition of Disputes.** The Parties agree that any dispute, claim, suit, demand or controversy arising out of or relating to this Agreement (any *"Dispute')* shall be determined exclusively and finally by individual arbitration, except as specified below. "Dispute" includes, without limitation, any claim regarding any breach, termination, enforcement, interpretation or validity of this Agreement, any claim arising out of or related to the marketing, purchase, and/or use of Owner's Ownership, Owner's use of Seller's properties, and/or Owners participation in any activities/events sponsored, organized, or made available by Seller or its affiliates.

4

**(b) Neutral Arbitrator/No Jury.** Any Dispute will be submitted to a neutral arbitrator, for a final and binding determination, known as an award. The arbitrator is an independent decision maker, appointed by the **American Arbitration Association** *("AAA"),* who reviews and weighs evidence provided by both Parties, and issues an award enforceable in court. Decisions by an arbitrator are subject to very limited review by a court. Except as expressly provided below in this Dispute Resolution/Arbitration clause, the Parties waive and relinquish any and all rights to have a court or a jury resolve any Dispute. The Parties expressly waive any right to a jury trial. …

**(e) Applicable Rules/Location.** This arbitration agreement is governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.). **The arbitration shall be administered by the AAA under its Consumer Arbitration Rules**, available online at **www.adr.org** or by calling the **AAA** at 1-800-778-7879 (the *"AAA Rules"),* except that the Parties expressly agree that the **AAA Supplementary Class Rules** shall not apply, given the express class waiver above, and further agree that Rules 14(a) and 53 of the **Consumer Arbitration Rules** shall not authorize any arbitrator or court to find that any class, mass, collective or representative claim may be arbitrated. The arbitration shall be held in the County of Orange, State of Florida unless the Parties agree to another location in writing, or the arbitrator decides to hold a telephonic hearing to reach a decision based solely on the Parties' submission of documents, or to designate another location reasonably convenient for the Parties. In the event of any conflict between the **AAA Rules** and this Agreement, the provisions of this Agreement shall be controlling.

**(f) Stay of Proceedings.** In the event that a Dispute involves both issues that are subject to arbitration and issues that are not subject to arbitration, the Parties unequivocally agree that any legal proceeding regarding the issues not subject to arbitration shall be stayed pending resolution of the issues subject to arbitration, except for any proceedings described in Paragraph 34(d) above, which actions shall proceed without a stay.

**(g) Final and Binding.** The arbitration award shall be final and binding on the Parties. Judgment on the arbitrator's award may be entered in any state or federal court of competent jurisdiction.

**(h) Payment of Fees.** The payment of all fees for registration, filing and administration of the arbitration, and the payment of arbitrator fees, shall be governed by the **AAA Rules** and applicable law, unless otherwise stated in this Agreement. The Parties shall bear their own legal fees and legal expenses for any arbitration proceeding.

**(i) Notice and Good Faith Negotiation.** Any Party intending to file an arbitration demand against the other Party must notify the  other Party at least thirty (30) days before filing. The Parties agree to attempt to negotiate a mutually agreeable resolution to resolve any such dispute or claim during this period. If a Party filing an arbitration demand fails to provide that notice, the other Party is entitled to seek a stay of the arbitration proceeding from the **AAA** for thirty (30) days and to participate in settlement negotiations during that period in good faith. (Emphasis supplied except for subparagraph headings.)

In compliance with the arbitration clause, Plaintiff Bedgood and the Brandon Plaintiffs filed consumer arbitration demands against Wyndham.  They paid their $200 filing fee.  Wyndham refused to pay its arbitration fees.   (Complt. ¶¶ 45, 46.) The AAA declined to administer the cases and will not hear any other claims against Wyndham.  (Complt. ¶ 17.)  Since the AAA has announced that it will not administer any claims between Wyndham and its Owners, it would be futile for the other Plaintiffs to file AAA arbitration demands.  They would get the same AAA rejection letter that was received by Bedgood and the Brandons.[2]

---

2 In *Woodward v. Emeritus Corp*.,192 Wn. App. 584, 368 P. 3d 487, 2016 Wash. App. LEXIS 1666 at *2 (Ct. App. Wash. Feb. 9, 2016), the Court concluded that it would be futile to send a case to the AAA for consumer arbitration where the clause violated AAA rules.  After the filing of this case, the AAA keeps declining to hear Wyndham cases.   See letter of May 5, 2021 attached as **Exhibit C**.

While the AAA letter does not specifically set forth how Wyndham violates AAA rules, Wyndham admitted the nature of its violations in *Reynolds, supra.* The court wrote:

> The AAA did not set forth the specific reasons why it declined arbitrate any matter with Wyndham. A review of the Wyndham contract, and other consumer rejections submitted to the court by Wyndham, reveals at least two provisions which are at odds with the AAA's rules: 1) Paragraph 6e requires the arbitration to be held in Orange County, Florida, contrary to the AAA forum rules. The paragraph further states that if there is a conflict with the AAA rules, the AAA must apply Wyndham's rules; 2) Paragraph 10 of the Wyndham contract limits the damages recoverable by the Plaintiff and denies recovery for 'consequential, indirect, incidental, special, exemplary, punitive or enhanced damages …" **Wyndham admitted in its briefs and at oral argument that these provisions are directly at odds with the AAA's rules and are in fact the underlying basis for the AAA's decision to decline this and all other Wyndham arbitrations.** (Emphasis supplied.) (**Exhibit B** at 3.)

Thus, Wyndham is barred from arbitrating before the AAA because it does not pay its arbitration fees and its forum selection clause violates AAA principles. (Complt. ¶ 3.) Its limitation of liability clause also contradicts AAA protocols. Wyndham arbitrations can no longer proceed before the AAA. (Complt. ¶ 6.) The AAA removed Wyndham from its Consumer Clause Registry on its website, www.adr.org. (Complt. ¶ 4.)

The AAA is an essential part of the Wyndham arbitration clause. No other forum is mentioned. The AAA has a comprehensive forty-four page well defined set of Consumer Arbitration Rules affording procedural due process (**Exhibit D**). The AAA has an easy to navigate consumer website with a simple two page form

allowing on line filing of consumer arbitration claims ( **Exhibit E** ).  The AAA filing fee for consumers is only $200.  The business pays the hearing fee and the arbitrator's compensation.     (**Exhibit F.**)  Moreover, the AAA believes in due process for consumers and has a thirty-three page Consumer Due Process Protocol Statement of Principles.     (**Exhibit G.**)   Wyndham's arbitration clause not only names the AAA as the sole forum, but it also makes it mandatory that any arbitration proceed according to these comprehensive AAA rules.  The AAA and its rules are an integral part of the Wyndham arbitration provision.

While the AAA has extensive procedural due process rules and safeguards in place, Wyndham offers no substitute of any kind.   Its motion to compel arbitration is totally silent on the practical realities of gutting the AAA arbitration clause. Thousands of Wyndham Owners seek cancellation every year.  Even if even a small percentage of these Owners demand arbitration, this Court would be faced with the prospect of repeatedly having to select arbitrators and take over the administrative role assigned to the AAA by Wyndham.    Would there be any procedural rules? What would the filing fees be?  Would there be any due process safeguards?  Would the Court require California and Oregon residents to arbitrate in Orlando?   If not, where would they arbitrate?   Wyndham ignores these questions.   The AAA was an integral part of the clause and its rules resolved all these issues.

## **LEGAL ARGUMENT**

## **I.  THE FAA DOES NOT REQUIRE ARBITRATION BECAUSE WYNDHAM REFUSES TO ABIDE BY AAA RULES**

The FAA does not require arbitration if a party refuses to comply with the rules of the chosen arbitration forum.   The Eleventh Circuit held in *Freeman v. SmartPay Leasing*, *LLC*, 771 Fed. Appx. 926 (11th Cir. 2019) that the defendant could not rely upon the FAA to stay a judicial proceeding in favor of arbitration if the defendant did not pay the arbitration fees and did not comply with the rules of the arbitration association.

Similarly, the court in *Heisman*, *supra* found that Wyndham could not compel arbitration under the FAA.   The court wrote:

> There has been no failure, neglect or refusal on Plaintiffs' part to arbitrate. To the contrary, they complied with the rules of arbitration as provided in the Agreement.   Those very rules led the Plaintiffs back to court.  There is thus no basis for a court to send them back to arbitration.    .... Thus, from any vantage point, the text of the FAA does not provide the court a basis to compel arbitration here. *Heisman* at ** 6 -7.

*Reynolds* dispatched Wyndham's FAA argument as follows:

> Wyndham argues in its Reply  Brief that in the event an arbitration forum becomes 'unavailable' that the Court has the power to appoint another arbitrator.  Wyndham cites Section 5 of the Federal Arbitration Act for the proposition that the AAA is 'unavailable" .... (T)he Wyndham Arbitration Agreement provides that the arbitration 'shall' be conducted before the AAA. **There are numerous indicators that the AAA is the exclusive arbitration forum**. ... Not only is the AAA the exclusive forum for arbitrating disputes in the Wyndham contract the AAA is not in fact 'unavailable' to the parties. Unlike the NAF, the AAA still arbitrates consumer disputes and would in fact be available to arbitrate this particular consumer dispute if Wyndham

9

would bring its arbitration clause in line with AAA policy.  (*Reynolds* at 7, emphasis supplied.)

In *Greco v. Uber Techs., Inc*., 2021 U.S. Dist. LEXIS 7770, *4-5,  2021 WL 134578 (N.D. Cal. Jan. 14, 2021), the AAA declined to administer the arbitration claims of the plaintiff because the defendant, like Wyndham, failed to comply with AAA policies regarding consumer claims.   The court denied defendant's motion to compel arbitration and its subsequent motion to stay proceedings.  The court found it unnecessary to even reach the issues of waiver or breach of contract.  Its analysis began and ended with the plain language FAA.    It explained:

> … arbitration, no matter what its form or content, is governed by the rules that the parties select in the agreement.  (Citations omitted.)  Where the rules selected by the parties allow the AAA to decline arbitration, and for the parties to proceed with litigation, the AAA may decline arbitration and the parties may proceed with litigation. …  Ultimately, the Federal Arbitration Act 'does not confer a right to compel arbitration of any dispute at any time,' but only 'the right to obtain an order directing that arbitration proceed *in the manner provided for in [the parties'] agreement*.' *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ*., 489 U.S. 468, 474-75, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989) (emphasis in original) (quoting 9 U.S.C. § 4).

Wyndham's authority, *Khan v. Dell, Inc.*, 669 F. 3d 350 (3rd Cir. 2012), is inapposite.   The case was distinguished in *Reynolds, supra*,  at 7, "(t)he National Arbitration Forum [NAF] literally became 'unavailable' because it was forced to withdraw from consumer arbitrations."   The *Khan* holding was also rejected in *Moss v. First Premier Bank*, 835 F. 3d 260 (2d Cir. 2016).  The NAF is no longer available. It is barred from hearing consumer disputes.  The AAA is completely available, but for Wyndham's failure to follow AAA rules and pay AAA fees.

In short, the overwhelming weight of authority in this Circuit and elsewhere is that the FAA does not require arbitration if a party refuses to abide by the rules of its chosen arbitration forum.

## II.  WYNDHAM WAIVED ITS RIGHT TO ARBITRATE

Wyndham waived its right to arbitrate by refusing to follow the rules of the AAA.   As explained in *Heisman, supra*:

> Wyndham's failure to follow arbitration rules also amounts to a waiver of the right to compel arbitration…Wyndham itself defeated the plaintiffs' filing of a claim in Wyndham's chosen AAA forum by failing to cooperate. It has waived its right to arbitrate.  It is not equitable to permit Wyndham to give Plaintiffs a runaround, then reinvoke the arbitral forum Plaintiffs were seeking in the first place.   2021 LEXIS 55369 at ** 7-8.

*Reynolds* also held that Wyndham waived its ability to arbitrate.  The court stated:

> The failure of a business to meet the AAA guidelines has been anticipated by AAA. By failing to comply with AAA rules, the business waives its forced arbitration mandate.  AAA Consumer Arbitration RuleR-1(d) states as follows:
>
> > Should the AAA decline to administer an arbitration, either party may choose to submit  its dispute to the appropriate court for resolution. (*Reynolds* at 4.)

After citing *Brown v. Dillard's Inc.*, 430 F. 3d 1004 (9th Cir. 2005), (denial of motion to compel arbitration affirmed where defendant did not pay AAA fees), the *Reynolds* court wrote:

> Wyndham's apparent disagreement with AAA is of no consequence  to Plaintiffs.   Plaintiffs did everything required of them pursuant to the 2018 Agreement by attempting to arbitrate the claim.  Wyndham cannot mandate arbitration pursuant to the  AAA, refuse to comply with the  AAA's requirements, and then compel Plaintiffs to arbitrate pursuant to the rules it

has cherry picked.  Wyndham's motion to dismiss and compel arbitration is therefore denied. *Reynolds* at 5.

The law in the Eleventh Circuit and this District is the same:  failure to pay AAA fees or follow AAA rules is a waiver of the right to arbitrate.  In *Freeman, supra,*  the Eleventh Circuit held that the defendant acted inconsistently with its contractual right to arbitrate by failing to pay arbitration filing fees.    It further waived its right to arbitrate by refusing to comply with the rules of arbitration forum. The plaintiff was found to have been prejudiced by the delay and being forced to proceed with litigation.

This Court reached the same result in *Mason v. Coastal Credit, LLC*, 2018 U.S. Dist. LEXIS 222805 (M.D. Fla. Nov. 16, 2018).  Plaintiff initiated a demand for consumer arbitration with the AAA.   Defendant failed to pay AAA fees.   The court found that by not paying the AAA fees, defendant waived its right to arbitrate. It applied a two part Eleventh Circuit test: (a) had defendant acted inconsistently with its arbitration right and (b) if so, was the plaintiff prejudiced?  Faced with facts identical to this matter, this Court had a straightforward answer:

> Plaintiff paid the requisite fee to the AAA, but Defendant did not; as a result of Defendant's non-payment, the AAA declined to administer the case and closed its file.  Under the totality of the circumstances, Defendant has acted inconsistently with its right to arbitrate.   Further, in doing so, Defendant has prejudiced Plaintiff. 2018 U.S. Dist. LEXIS at *18.

*See also Day v. Clymo*, 2015 U.S. Dist. LEXIS 79171 (M.D. Fla. June 3, 2015) (defendant waived right to arbitrate by not paying AAA fees).   As also stated in

*Garcia v. Mason Contract Prods., LLC*, 2010 U.S. Dist. LEXIS 92869, *7 (S.D. Fla. Aug. 18, 2010), "(b)y failing to pay its timely share of the arbitration fee, Defendant materially breached its obligations, thereby 'scuttling' that opportunity. [T]he FAA under these circumstances does not require a district court to return the parties once more to arbitration …"

Plaintiffs here have been prejudiced by the delay caused by filing their arbitration demands and having to pay filing fees in this Court due to Wyndham's refusal to arbitrate.   The Eleventh Circuit holdings on the consequences of a failure to pay AAA fees and comply with AAA rules is the clear majority view throughout the country.   As stated in *Graham v. Mascio*, 2018 Wash. App. LEXIS 2717, 2018 WL 6310114, * 18 (Ct. App. Wash. Dec. 3, 2108), " (f)ailure to pay AAA fees has routinely been held to constitute a default under the FAA", citing *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F. 3d 1287, 1294 (10th Cir. 2015) and *Johnson v. Ret. Plan of General Mills, Inc*., 2018 WL 3630275, 2018 U.S. Dist. LEXIS 129132 (S.D. Ind. July 31, 2018).

Wyndham has to go far afield to scrounge up a single decision in its favor.   It cites a non-reported order in *King v. Wyndham Vacation Ownership, Inc*.,  No. 6:18-cv-03319-MDH (W.D. Mo. June 23, 2020)(Ex. A to Defdt. Motion) that is now outdated and irrelevant given Wyndham's conduct for the last eighteen months.   In that case, Wyndham did not refuse to pay any AAA filing fees.  It paid $2,800 and

13

only withheld a $250 expedited review fee.  The AAA declined to administer the case.  The court noted that "Wyndham was legitimately surprised" at the AAA's November 7, 2019 decision.  *King* Op. at 3.

There can be no surprise to Wyndham here.    For eighteen months now, Wyndham has been receiving letters from the AAA declining to hear Wyndham cases.   Yet, it has steadfastly refused to change the objectionable parts of its arbitration clause.   Nor has Wyndham taken any action to alert the thousands of its customers with AAA arbitration clauses that the AAA will not hear their arbitration claims.  Instead, it waits for customers to file AAA arbitration demands knowing that the AAA will decline to administer them, and then when the AAA declines to administer arbitrations, Wyndham moves to compel arbitration.  In the words of *Heisman*, supra, at * 8 , it is time to stop this "shell game".

### III.  WYNDHAM MATERIALLY BREACHED THE ARBITRATION CONTRACT

An independent alternate reason to deny Wyndham's motion to compel arbitration is that Wyndham materially breached its arbitration agreement.  The *Heisman* court concluded that Wyndham's failure to follow AAA rules was a material breach.  It cited *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed 2d 742 (2011) for the proposition that the FAA establishes that arbitration agreements are unenforceable "upon such grounds as exist at law or

14

in equity for the revocation of any contract."   *Reynolds, supra,*  also held that

"…Wyndham has breached its own contract by refusing to comply with the AAA's

rules concerning forum selection and consumer remedies."  (**Exhibit B** at 5. )

Once again, the Eleventh Circuit and this Court are in accord with *Heisman*

and *Reynolds*.  In *Freeman*, *supra* at n. 4, the Eleventh Circuit wrote:

> For the same reasons that the district court did not err in concluding that
> SmartPay waived its right to compel arbitration, the district court did not err
> in concluding that SmartPay  breached the arbitration agreement when it
> refused to pay JAM's initial filing fee.  As explained above, SmartPay
> drafted a lease-purchase agreement requiring arbitration and designating
> JAMS as an acceptable forum and, therefore, SmartPay was obligated to pay
> the initial filing fee.

The Court cited *Brown*, *supra*, and  *Sink v. Aden Enters*., 352 F. 3d 1197, 1201 (9th

Cir. 2003)("(F)ailure to pay required costs of arbitration was a material breach of its

obligations in connection with the arbitration.")  *See also Steffanie A. v. Gold Tampa,*

*Inc.*, 2020 U.S. Dist. LEXIS 129334, * 10, 2020 WL 4201948 (M.D. Fla. July 22,

2020)( Defendant's refusal to pay AAA filing fee was both a waiver of right to

arbitrate and a breach of contract).[3]

---

3 Wyndham asserts in a parting footnote that even if its motion to arbitrate is denied, there cannot
be a class action.  That is an issue for another day when class certification is briefed.  Plaintiffs
will establish that the class action waiver clause is not enforceable. In *Dale v. Comcast Corp.*, 498
F. 3d 1216, 1223 (11th Cir. 2007), the Eleventh Circuit invalidated a class action waiver clause.  It
stated that the enforceability of a particular class action waiver clause must be determined on a
case by case basis considering the totality of the facts and circumstances.  Wyndham cannot
relegate consumers to arbitration, breach its own arbitration clause, and simultaneously deprive
them of the right to be in a class action.  This course of conduct deprives them of effective legal
remedies.   Further, the contracts were induced by fraud and are void.

## <u>Conclusion</u>

For the aforesaid reasons, Plaintiffs respectfully request that Defendants' motion to compel arbitration be denied.

Plaintiffs,

By <u>*Howard B. Prossnitz /s/*</u>
Howard B. Prossnitz, Esq, FBN 60031
**Law Offices of Howard B. Prossnitz,  PLLC**
1014 Ontario Street
Oak Park, IL 60302
prossnitzlaw@gmail.com
Phone: (708) 203-5747

Adam Szulczewski, Esq.
1421 West Fletcher Street, 1 F
Chicago, IL 60657
(248) 930-6001
(*Pro hac vice*)
szulcze@outlook.com

*Counsel for Plaintiffs*

Dated:  May 24, 2021

## <u>Certificate of Service</u>

     I, Howard Prossnitz, an attorney, certify that I filed and served a copy of the foregoing Memorandum on all counsel of record through the Court's CM/ECF electronic filing and service system on this 24th day of May, 2021.

*<u>Howard B. Prossnitz /s/</u>*

# **INDEX TO EXHIBITS**

A.  AAA letter to plaintiff Joel Brandon dated December 30, 2020.

B.  Opinion dated April 5, 2021, in *Reynolds v. Wyndham Vacation Resorts, Inc. et al.* (Ct. Comm. Pleas, 15th Judicial Circuit. South Carolina, Case 2020-CP-26-07441.

C.  AAA letter dated May 5, 2021 to Charles Tunstall, Jr.

D.  AAA Consumer Arbitration Rules.

E.  AAA on line filing form for consumer arbitrations.

F.  Schedule of AAA consumer arbitration filing fees.

G.  AAA Consumer Due Process Protocol Statement of Principles.