# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHARLES HAROLD BEDGOOD, JOEL WILSON BRANDON, HANNAH LYN HEIL-BRANDON, EDDIE MATTHEWS JR., REENA T. SMITH, JUSTIN FLOYD DIAZ, CANDICE CLARK, and ROSLIND CHRISTINE HARPER, <br><br> individually and on behalf of all other persons similarly situated <br><br>　　　　Plaintiffs, <br><br>　v. <br><br> WYNDHAM VACATION RESORTS, INC., WORLDMARK, THE CLUB, and WYNDHAM RESORTS DEVELOPMENT CORPORATION, <br><br>　　　　Defendants. | Case No. 6:21-cv-00418 |

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Plaintiffs' opposition to Defendants' Motion to Compel Arbitration, ECF No. 11 ("Mot.") is premised on misrepresentations of fact and law. Plaintiffs contend that Defendants waived their right to arbitrate before the American Arbitration Association ("AAA") because "Wyndham refused to pay its arbitration fees." *See* ECF No. 13 ("Opp.") at 6. No evidence supports this assertion. In fact, as Plaintiffs later admit, the AAA declined to administer arbitrations because Wyndham's forum selection clause and damages clause

were "at odds with the AAA's rules" – ***not*** because of any failure to pay fees. *Id.* at 7. Accordingly, nearly all of Plaintiffs' authorities – including every case decided within this Circuit – are inapposite.[1]

Moreover, the Court of Appeals for the Eleventh Circuit has rejected Plaintiffs' remaining waiver and breach arguments. "[B]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982)). Plaintiffs fall short of sustaining this heavy burden for at least four reasons.

First, "a party's resistance to arbitration alone cannot be the basis for invalidating an arbitration agreement." *Kaspers v. Comcast Corp.*, 631 F. App'x 779, 783 (11th Cir. 2015). Even "actions [that] mak[e] it extraordinarily difficult for parties to resolve or arbitrate their disputes" that "appear to be in opposition to the terms" of the arbitration clause do not negate an agreement to arbitrate. *Id.* Instead, the Federal Arbitration Act "provide[s] that a party aggrieved by the failure of another to arbitrate under an agreement may apply for an order compelling arbitration[.]" *Id.* (citing 9 U.S.C. § 4). Here – like in

---

[1] *See Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 932 (11th Cir. 2019) (finding waiver and breach primarily for nonpayment of fees); *Mason v. Coastal Credit, LLC*, 2018 WL 6620684 (M.D. Fla. Nov. 16, 2018) (finding waiver solely for failure to pay fees); *Day v. Clymo*, 2015 WL 12839268 (M.D. Fla. June 3, 2015) (same); *Garcia v. Mason Cont. Prod., LLC*, 2010 WL 3259922 (S.D. Fla. Aug. 18, 2010) (same).

2

*Kaspers* – Plaintiffs "did not avail [themselves] of this remedy" and "the practical difficulties [they allegedly] faced in attempting to arbitrate" do not invalidate the parties' contractual arbitration provision. *Id.* (affirming enforcement of arbitration clause).

Second, the Eleventh Circuit has rejected the contention "that AAA's refusal to arbitrate claims from [a defendant] because of a non-compliant damages provision renders the arbitration provision invalid or unenforceable." *Kaspers*, 631 F. App'x at 783; *see In re Checking Acct. Overdraft Litig.*, 685 F.3d 1269, 1283 & n.20 (11th Cir. 2012) (reversing district court and compelling arbitration despite contractual cost and fee shifting provisions that were at odds with AAA rules). Separately, as in *Kaspers*, the "AAA's refusal to arbitrate claims from [Defendants] does not render the arbitration provision invalid, because the choice of AAA as a forum was not integral to the agreement." 631 F. App'x at 783 (citing *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir.2000)); *see generally* Mot. at 7-14 (collecting cases). Plaintiffs simply ignore these binding decisions, relying instead on out-of-circuit cases that disagree with *Brown* and other Eleventh Circuit precedent.[2]

---

[2] Plaintiffs argue in passing that the AAA is "essential" to the arbitration clause because "[n]o other forum is mentioned" and the AAA has a comprehensive and easy-to-understand set of consumer rules. *See* Opp. at 7-8. But this presumes, without support, that other arbitral forums lack these features. Plaintiffs' arguments are not "***evidence*** that the choice of the [AAA] as the arbitration forum was an integral part of the agreement to arbitrate." *Brown*, 211 F.3d at 1222 (emphasis added). Tellingly, Plaintiffs cite no law in support of their argument.

3

Third, the party asserting waiver bears the burden of establishing that it suffered undue prejudice. *See Freeman*, 771 F. App'x at 932. Plaintiffs cannot do so. The Complaint does not allege *any* prejudice to *any* plaintiff, and the Opposition merely argues that Plaintiffs were "prejudiced" by delay in filing arbitration demands and paying filing fees without any factual or legal support. *See* Opp. at 13. Were payment of a filing fee sufficient to establish undue prejudice, this requirement would be meaningless. Nor do Plaintiffs explain how a minimal delay for the two plaintiffs that attempted to arbitrate caused them any harm, or reconcile this conclusory contention with the fact that five of the plaintiffs did not even attempt to initiate arbitration before filing suit.[3]

Fourth, contrary to the Complaint, the AAA has agreed to administer numerous arbitrations from Wyndham when presented with a court order to do so. *See* Declaration of David S. Sager at Ex. A (letters ***produced by Plaintiffs*** from AAA accepting arbitration following court order compelling same despite "material or substantial deviation" between AAA rules and Wyndham protocols); *accord* Opp. Ex. D (AAA Consumer Arbitration Rules) at 6 ("The [AAA] will comply with any court orders issued from litigation involving the parties to the dispute"); *Kaspers*, 631 F. App'x at 783 n.3

---

[3] Plaintiffs' own cases show that prejudice requires far more than the Opposition offers. *See, e.g.*, *Day*, 2015 WL 12839268, at *2 (finding prejudice due to multi-year delay and demonstrably false representations of fact by defendant).

4

("Ultimately, the AAA agreed to arbitrate this dispute because it had been presented with a court order to do so."). Although Defendants moved the Court for appointment of a substitute arbitrator, an order compelling arbitration would permit the parties to arbitrate before the AAA as well.[4]

For the foregoing reasons, as well as the reasons in Defendants' opening brief, Defendants respectfully request that the Court stay this matter and compel all Plaintiffs to file individual arbitrations.

| | |
|---|---|
| Dated: June 2, 2021 | */s/ J. Trumon Phillips* |
| | J. Trumon Phillips (Fla. Bar No. 0084568) |
| David S. Sager* | DLA PIPER LLP (US) |
| DLA PIPER LLP (US) | 3111 W. Dr. Martin Luther King Jr. Blvd. |
| 51 John F. Kennedy Pkwy, Ste 120 | Ste 300 |
| Short Hills, New Jersey 07078 | Tampa, Florida 33607 |
| Phone: (973) 520-2570 | Phone: (813) 229-2111 |
| Email: david.sager@dlapiper.com | Email: trumon.phillips@dlapiper.com |
| | |
| * Admitted *pro hac vice* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record listed on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ J. Trumon Phillips*
Attorney

---

[4] In evaluating a motion to compel arbitration, "the Court is not limited to the four corners of Plaintiff's complaint" and may consider extrinsic evidence. *Newco Energy Acquisitions Holdings, LLC v. Shulgen*, 2013 WL 12149763, at *2 (S.D. Fla. Mar. 28, 2013) (citing *Liles v. Ginn-La West End, Ltd.*, 631 F.3d 1242, 1244 n.5, 1249 n.13 (11th Cir. 2011)). Plaintiffs implicitly concede this by attaching numerous (unauthenticated) documents to their Opposition.

5