UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
ORLANDO DIVISION

| | |
|---|---|
| CHARLES HAROLD BEDGOOD, ) <br> JOEL WILSON BRANDON, HANNAH ) <br> LYN HEIL BRNADON, EDDIE ) <br> MATHEWS JR., REENA T. SMITH, ) <br> JUSTIN FLOYD DIAZ, CANDICE ) <br> CLARK, and ROSLIND CHRISTINE ) <br> HARPER, individually and on behalf of ) <br> all other persons similar situated, ) <br> ) <br> vs. ) <br> ) <br> WYNDHAM VACATION RESORTS, ) <br> INC., WORLDMARK, THE CLUB, ) <br> and WYNDHAM RESORT ) <br> DEVELOPMENT CORPORATION, ) <br> ) <br> **Defendants.** ) | Case No. 6:21-cv-00418 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFFS' SUR-REPLY IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

Wyndham's Reply does not and cannot distinguish *Heisman v. Wyndham Vacation Resorts, Inc.*, 2021 U.S. Dist. LEXIS 55369, 2021 WL 1138125 (D.N.J. Mar. 22, 2021) and *Reynolds v. Wyndham Vacation Resorts, Inc. et al.*, (Ct. Comm. Pleas, 15th Judicial Circuit, South Carolina, No. 2020-CP-26-07441). Faced with facts identical to this case, both courts found Wyndham waived its right to arbitrate by not following American Arbitration Association (AAA) rules. *Heisman* also held that Wyndham materially breached its arbitration clause. Neither case relied on a failure to pay fees. Wyndham hangs its hat on two <u>unconscionability</u> cases in the

1

Eleventh Circuit, *Kaspers v. Comcast Corp.*, 631 F. App'x 779 (11th Cir. 2015) and *In re Checking Acct. Overdraft Litig.*, 685 F. 2d 1269 (11th Cir. 2012). Plaintiffs have no unconscionability arguments. The doctrine of waiver as applied to arbitration clauses is alive and well in this Circuit. As stated in *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 934: (11th Cir. 2019):

> When SmartPay refused to comply with JAMS's Consumer Minimum Standards, Smart Pay acted inconsistently with and, therefore, waived its contractual right to arbitration. And SmartPay's refusal to comply with JAMS's Consumer Minimum Standards prejudiced Freeman in the same way as its failure to pay JAMS's initial filing fee prejudiced her. SmartPay prematurely terminated the arbitration and effectively precluded Freeman from seeking relief through arbitration rather than in the district court.

Wyndham's refusal to comply with AAA consumer rules concerning forum selection and damages clauses is a waiver and breach of its arbitration clause. Wyndham prejudiced Plaintiffs by prematurely ending the arbitration cases filed.

Wyndham says there is "no evidence" of unpaid fees. There is evidence – Wyndham just withholds it. Exhibit A to Wyndham's Reply includes an AAA letter of November 7, 2019 in *Cole v. Wyndham*, but Wyndham does not attach a subsequent letter in the same matter dated February 19, 2020 where the AAA make a final decision not to administer the case notwithstanding a court order compelling arbitration. The AAA writes " we have not received the required waiver and remaining fees from Wyndham…" (See AAA February 19, 2020 letter attached as **Exhibit A** hereto.)

Wyndham refuses to say how many Wyndham cases were declined by the AAA and how many went to hearing in the last eighteen months. The number of hearings is probably zero. The AAA cases in Exhibit A to its Reply involve plaintiffs who filed court cases where Wyndham timely moved to compel arbitration. Here, Wyndham argues that its customers must demand AAA arbitration, wait for the AAA to decline to administer the cases since Wyndham refuses to comply with AAA consumer rules, and then Wyndham customers must file court cases to compel arbitration. This approach turns the efficiency reasons for arbitration upside down and puts consumers through the wringer. Wyndham had its chance. It could have arbitrated Plaintiffs' cases before the AAA and obeyed its own contract. It chose not to. As stated in *Heisman*, *supra* at * 8, it is time for the shell game to stop.

Dated: June 7, 2021

By *Howard B. Prossnitz /s/*  
Howard B. Prossnitz, Esq, FBN 60031  
**Law Offices of Howard B. Prossnitz, PLLC**  
1014 Ontario Street  
Oak Park, IL 60302  
prossnitzlaw@gmail.com  
Phone: (708) 203-5747  
*Counsel for Plaintiffs*

Adam Szulczewski, Esq.  
1421 W. Fletcher, 1 F  
Chicago, IL 60657  
(248) 930-6001  
(*Pro hac vice*)  
szulcze@outlook.com

### Certificate of Service

I, Howard Prossnitz, an attorney, certify that I filed and served a copy of the foregoing Motion on all counsel of record through the Court's CM/ECF electronic filing and service system on this 7th day of June, 2021.

*Howard B. Prossnitz /s/*