UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
ORLANDO DIVISION

| | |
|---|---|
| CHARLES HAROLD BEDGOOD, JOEL WILSON BRANDON, HANNAH LYN HEIL BRANDON, EDDIE MATHEWS JR., REENA T. SMITH, JUSTIN FLOYD DIAZ, CANDICE CLARK, and ROSLIND CHRISTINE HARPER, <br><br> Plaintiffs, individually and on behalf of all other persons similarly situated, <br><br> vs. <br><br> WYNDHAM VACATION RESORTS, INC., WORLDMARK, THE CLUB, and WYNDHAM RESORT DEVELOPMENT CORPORATION, <br><br> Defendants. | Case No. 6: 21-cv-00418 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE**

Plaintiffs submit Objections to the Magistrate's Report and Recommendation (Report) (Doc. 48) that arbitration be compelled. Prior to commencing suit, Plaintiffs filed arbitration demands with the American Arbitration Association (AAA). The AAA declined to administer because Defendants refuse to follow AAA rules. A policy of favoring arbitration

1

does not mean that consumers like Plaintiffs must be forced to run around in circles. Further, the Eleventh Circuit has repeatedly denied motions to compel arbitration and appoint substitute arbitrators under similar facts.

## Introduction

The Report errs by entering relief that <u>neither</u> side requested requiring action by a <u>non-party</u>, the AAA, over whom the Court has <u>no</u> jurisdiction. Under the Report's recommendation, an aggrieved customer of Defendants must (i) first file an arbitration demand with the American Arbitration Association (AAA), (ii) wait a month or two for the AAA to refuse to administer the case, (iii) then file suit in federal court and pay a non-refundable $400 filing fee , (iv) wait six more months to be told to arbitrate before the AAA, and then (v) re-file an arbitration demand before the AAA hoping that it will change its mind about accepting the arbitration although it is not compelled to do so. It is a Kafkaesque lose-lose scenario for consumers.[1] They lose the efficiency of arbitration and they lose the

---

[1] These concerns are not about hypothetical consumers with hypothetical issues. For instance, Plaintiffs filed with the Court the copy of a recent email received from an aggrieved customer of Defendants. He is an 88 year old Korean war veteran with Stage IV prostate cancer. He is paying half his monthly income to Wyndham. (Ex. C to Prossnitz Declaration, Doc. 46.) This individual does not have time to play Defendants' shell game.

advantages of proceeding in federal court.  Consumers end up with the worst of both worlds.  The recommendation allows Defendants to play a shell game at the expense of Defendants' customers.

## **Specific Objections**

Plaintiffs request *de novo* review of these Objections:

a.  The Report erred by recommending that arbitration be compelled before the American Arbitration Association (AAA) when this Court has no jurisdiction over the AAA, the AAA is not a party to this case, proceedings were commenced before the AAA, the AAA closed its file, declined to administer arbitration, and Defendants did not even request that arbitration be compelled before the AAA.

b.  The Report erred in concluding that the Federal Arbitration Act (FAA) allows compelling arbitration;

c.  The Report erred in finding no waiver or breach of the arbitration clause without allowing Plaintiffs limited discovery on what Defendants communicated to the AAA since the Report deemed this to be a crucial fact issue;

d.  The Report erred in finding no waiver by Defendants by relying upon *Kaspers v. Comcast Corp.*, 631 F. App'x. 779 (11th Cir. 2015), which was not a waiver case,  rather than *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926 (11th Cir. 2019), *Heisman v. Wyndham Vacation Resorts, Inc.*, 2021 U.S. Dist. LEXIS 55369, 2021 WL 1138125 (D.N.J. March 22, 2021) and *Reynolds v. Wyndham Vacation Resorts, Inc. et al.* (Ct. Comm. Pleas, 15th Judicial Circuit. South Carolina, Case 2020-CP-26-07441, April 5, 2021)(Slip. Op attached as **Exhibit  A)** which were all waiver cases;

e. The Report erred in finding no prejudice to Plaintiffs by reason of Defendants' conduct;

f. The Report erred in finding no breach of contract by relying upon *Kaspers* which was not a breach of contract case, rather than *Heisman* and *Reynolds* which were breach of contract cases; and,

g. The Report erred in not directly rejecting Defendants' argument for appointing a substitute arbitrator.

## **Background**

Plaintiffs Charles Harold Bedgood, Joel Wilson Brandon and Hannah Lyn Heil Brandon filed arbitration claims against Wyndham and Worldmark with the AAA pursuant to arbitration clauses in their Wyndham timeshare contracts which designate the AAA as the sole arbitration forum. The clause states that the arbitration **shall** be administered by the AAA. (Complt. ¶ 12, and ¶ 34 (e) of the arbitration clause, Doc. 1.) No other forum is provided for either by name or generically. There is no provision for appointing a substitute arbitrator. For an extended time period, the AAA has declined to hear <u>any</u> Wyndham and Worldmark arbitrations. On December 30, 2020, the AAA wrote to the Brandon Plaintiffs:

> Prior to the filing of this arbitration, Wyndham Destinations failed to comply with the AAA's policies regarding consumer claims. Accordingly, we must decline to administer this claim <u>and any other claims</u> between Wyndham Destinations and its consumers at this time. (Exhibit A to Complt., Doc. 1, Emphasis supplied.)

4

Plaintiff Bedgood got the same letter. In their Class Action Complaint, Plaintiffs allege that Defendants' arbitration clause, particularly the forum selection provision requiring all arbitrations to occur in Orange County, Florida, violates AAA rules. (Complt. ¶¶ 3, 5, 45, 46, Doc. 1.) The Report notes that Defendants do not deny this fact.

> Defendants appear to concede as much in their reply. *See* Doc. 19 at 1-2 ("the AAA declined to administer arbitrations because [Defendants'] forum selection clause and damages clause were 'at odds with the AAA's rules' …"). Doc. 48 at 10.

Thus, it is not disputed that Defendants' arbitration clause does not comply with AAA rules.

## Objections to Report and Recommendation

**I. The Report Erred in Recommending Relief That Was Not Requested By Either Party By Compelling Action By the AAA Who Is Not Even Before The Court and Over Whom the Court Has No Jurisdiction**

The Report recommends "that the Court compel arbitration before the AAA …" (Doc. 48 at 15.) Defendants never requested such relief. They argued instead that a substitute arbitrator be appointed and that the AAA was not an integral part of the arbitration clause. Plaintiffs disagreed. In the conclusion to their Reply, Defendants request that the Court stay this

matter and compel all Plaintiffs to file individual arbitrations. (Doc. 19 at 5.) Three Plaintiffs already did that by filing AAA arbitrations. It was futile for the others to do so. The AAA expressly declined to administer not just Plaintiffs' arbitrations, but any arbitrations against Defendants:

> Prior to the filing of this arbitration, Wyndham Vacation Club failed to comply with the AAA's policies regarding consumer claims. Accordingly, we must decline to administer this claim and any claims between Wyndham Vacation and its consumers at this time…. If Wyndham Vacation Club advises the AAA in the future of its intention to comply with the AAA's Consumer Arbitration Rules and if applicable, resolves any outstanding payment obligations, the AAA may consider in its sole discretion, accepting newly filed consumer cases going forward. (Ex. B. to Complt., Doc. 1)

The AAA did <u>not</u> say if a Court issues an Order in a case to which we are not a party sending the arbitration back to us even if Defendants refuse to comply with our Rules, we will hear the case.

The Report cites *Kaspers, supra,* as a case where the AAA agreed to arbitrate because it was presented with a court order to do so. In fact, the court just ordered that arbitration be compelled, not that it proceed before the AAA. 631 Fed. App'x at 781. In *Kaspers*, unlike here, the arbitration clause had express language about the use of a substitute arbitrator if the AAA would not serve. 631 Fed App'x at 783. *Kaspers* found that the AAA

6

was <u>not</u> an integral part of the agreement. *Id.* Here the AAA is an integral part of the agreement.

The fact that back in 2013 in the *Kaspers* case, the AAA voluntarily decided to administer an arbitration that it first declined does not mean that it has any obligation to administer Plaintiffs' arbitrations here. The court cannot order a non-party to administer an arbitration when the arbitration clause at issue violates its rules. The Report makes a recommendation which is not legally binding and brings no finality to this dispute.

## II. The Report Erred in Concluding that the Federal Arbitration Act Allows Compelling Arbitration Here

The language of the FAA does not allow arbitration to be compelled because Defendants do not abide by AAA rules. Doc. 13 at pp. 9-11. The Report gave short shrift to this argument and consigned consideration to a footnote. (Doc. 48 at 8, fn. 4.) Plaintiffs cited various authorities, including *Freeman*, *supra*, for the proposition that the FAA does not require arbitration if a party refuses to comply with the rules of its chosen arbitration forum. Section 3 of the FAA states that a court shall stay an arbitrable case "until such arbitration has been had in accordance with the terms of the agreement, providing that the applicant for the stay is not in default with proceeding

7

with such arbitration." 9 U.S.C. § 3. The court in *Heisman, supra,* found that the FAA did not give Wyndham a basis to compel arbitration. It wrote:

> Here the arbitration 'has been had' as far as was possible. Plaintiffs followed the arbitration procedure and were rebuffed by the AAA, which directed them to court… In addition, § 3 does not allow for a stay if the applicant is 'in default in proceeding with such arbitration.' By failing to comply with arbitration rules, Wyndham is in default and thus can not enforce arbitration.
> 2021 U.S. Dist. LEXIS 55369 at * 7

The same reasoning applies here. Plaintiffs did what they were supposed to do under the arbitration clause. Their arbitration demands were rejected by the AAA. Defendants were in default for not following AAA rules.

### III. The Report Erred In Finding No Waiver or Breach Without Allowing Plaintiffs Limited Discovery

Plaintiffs request that the Report either not be adopted, or that it be modified to allow them limited discovery on the fact issue that the Report deemed critical – what did Defendants tell the American Arbitration Association (AAA) after it declined to arbitrate? The Report asks if Defendants refused to waive arbitration provisions that were inconsistent with AAA rules. The answer is solely within the possession of Defendants and the AAA, neither of whom will voluntarily disclose it.

8

On August 8, 2021, the Court entered an Order saying that "discovery is fully open in this case" (Doc. 26). In reliance upon that Order, Plaintiffs propounded limited discovery to find out what Defendants told the AAA. Then, the Court reversed itself and shut down all discovery (Doc. 48) blocking any motion to compel by Plaintiffs. Defendants had refused to produce a single piece of paper or answer any interrogatories, many of which sought a one word response.

The Court emphasized that it "… has almost no information as to what Defendants allegedly did to waive or breach, frustrating any finding that a breach or waiver occurred – a burden held by Plaintiffs." (Doc. 48 at 9.) The Report states:

> … the undersigned cannot determine what Defendants are alleged to have done to waive arbitration. Is it that they – many years ago – drafted an arbitration agreement that, in December 2020, the AAA violated its Consumer Rules? Or is it something else? Doct. 48 at 12.

Plaintiffs served a Rule 34 Request asking for all correspondence between Defendants and the AAA. Defendants objected and refused to provide the documents. (See **Exhibit B** hereto.) Plaintiffs also served Rule 33 Interrogatories asking Defendants to identify the specific rules that the

AAA maintains are not followed by Defendants. Defendants objected and refused to answer any interrogatories. (See **Exhibit C** hereto.)

The Report comes close to conceding that if Defendants did indeed refuse to waive the inconsistent provisions in their arbitration clause, then their motion to compel arbitration should be denied if Plaintiffs were prejudiced. In *Freeman, supra*, there was evidence that defendant would not waive inconsistent arbitration provisions. The Eleventh Circuit found therefore that the defendant had waived its right to arbitrate.

Plaintiffs are put in the Catch-22 position of being required to come forward with evidence which the Court deems crucial, which is entirely outside of Plaintiffs' possession, and which Plaintiffs are denied the right to obtain.

**IV. The Report Errs By Relying Upon *Kaspers* Rather Than *Heisman* and *Reynolds* on Waiver**

The Report refuses to follow two cases directly on point involving the same defendants, the same clause and identical facts. Instead, the Report relies upon an inapposite Eleventh Circuit case where a party tried to argue the unconscionability of an AAA arbitration clause <u>after</u> AAA arbitration had been concluded in its favor.

The two 2021 cases denying Defendants' motion to compel under identical circumstances are *Heisman v. Wyndham Vacation Resorts, Inc.*, 2021 U.S. Dist. LEXIS 55369, 2021 WL 1138125 (D.N.J. March 22, 2021) and *Reynolds v. Wyndham Vacation Resorts, Inc. et al.* (Ct. Comm. Pleas, 15th Judicial Circuit. South Carolina, Case 2020-CP-26-07441, April 5, 2021)(Slip. Op. attached as **Exhibit A)** In *Heisman* and *Reynolds*, plaintiffs filed arbitration demands. The AAA declined to administer because defendants did not follow AAA rules.

The Report refuses to follow these cases because they did not have more facts about whether defendants refused to waive parts of their arbitration clause, such as the forum selection clause. What the Report fails to note is that there was no way for plaintiffs in those cases to have that information. Plaintiffs here propounded narrow discovery targeting what Defendants did after the AAA declined arbitration and whether Defendants refused to waive provisions inconsistent with AAA rules. The Court made it impossible for Plaintiffs to get the answers by staying all discovery. It was impossible for Plaintiffs get the information which the Court deemed central to its holding.

11

The Report relies upon *Kaspers v. Comcast Corp.*, 631 F. App'x 779 (11th Cir. 2015). *Kaspers* involved a very different procedural posture. In *Kaspers*, the plaintiff was compelled to arbitrate, did in fact arbitrate, received an arbitration award in his favor on his individual claims, and then went back to district court seeking to re-open class claims. His whole basis for challenging the arbitration clause on behalf of the putative class was unconscionability. Unlike here, waiver and breach of contract were not even issues and not discussed at all. Plaintiffs do not argue unconscionability which was the basis for the holding in *Kaspers*.

Thus, *Kaspers* is distinguishable because:

- The issue was whether the case could be re-opened to pursue class claims after individual claims had already been decided through arbitration;

- The arbitration clause was challenged on unconscionability grounds, not waiver and breach of contract;

- The clause had language for appointing a substitute arbitrator;

- The case was about whether the class action waiver provision of the arbitration clause was valid; and

- There was no appeal from the district court decision compelling individual arbitration.

*Kaspers* is inapposite.

**V. The Report Erred in Finding No Prejudice to Plaintiffs**

The Report found that Plaintiffs sustained no prejudice because this case has only been pending for six months. It ignores that Plaintiffs had to spend time filing AAA arbitration demands only to be told by the AAA to proceed in court, and now to be told by the Court to return to the AAA. Plaintiffs will suffer a delay of almost one year due to Defendants' conduct. Further, Plaintiffs were also prejudiced by having to pay $400 in non-refundable court filing fees (double the amount of AAA fees) due to Defendants' refusal to follow AAA rules.

The whole point of arbitration is to offer an expedited efficient alternative dispute resolution mechanism to consumers that is less time consuming and expensive than litigation. If every customer of Defendants who wants to arbitrate has to first file an AAA arbitration demand, wait for the AAA to reject their demand, then sue Defendants, pay $400 in court filing fees, and then be ordered by the court to refile their AAA arbitration demands, the entire purpose of arbitration is defeated.

## VI. The Report Erred in Finding No Breach of Contract

The Report's refusal to find breach of contract was also based on the lack of evidence as to what Defendants did in response to the AAA decision not to administer the arbitration demands. Again, Plaintiffs were denied discovery on this matter. The AAA declination letter says that when and if Defendants changed their provisions, the AAA would consider hearing cases against them.

*Heisman* and *Reynolds* were correct in holding that Defendants materially breached their arbitration clause.[2] The clause provides that the arbitration would be conducted in accordance with AAA Consumer Arbitration Rules. Defendants will not follow the Rules. That refusal was a material breach of contract.

## VII. The Report Erred in Not Directly Rejecting Defendants' Argument for Appointing a Substitute Arbitrator

The Report states that the entirety of Defendants' argument is irrelevant, but it fails to squarely reject the idea of a substitute arbitrator.

> In the Motion, Defendants simply state that the Arbitral Agreement is valid and binding; this conclusion spans a single sentence. Doc. 11 at 7. Then, for the next eight pages (**indeed, the entirety of their**

---

[2] The Report criticizes *Reynolds* for citing no legal authority on the breach issue. In fact, *Reynolds* cites *Brown v. Dillard's Inc.*, 430 F. 3d 1004 (9th Cir. 2005) where the court found defendant breached its arbitration agreement by failing to comply with AAA rules.

14

> **'argument' section**) Defendants argue that 'even if' the parties' selected forum – the AAA is unavailable, the Court should still compel arbitration and appoint a substitute arbitrator because the AAA is not the integral to the Arbitral Agreement. Doc. 11 at 7 -15. … **This means that almost the entirety of Defendants' argument in the Motion is inapposite.**   Doc. 48 at 6-7. (Emphasis supplied.)

While the Court dismisses almost all of Defendants' argument, it never directly rules on the argument. It should have done so.

The Eleventh Circuit has consistently refused to appoint substitute arbitrators when the designated arbitral forum is an integral part of the agreement and not available. In *Fleet v. First Premier Bank*, 644 Fed. App'x 893 (11th Cir. 2016), the arbitration clause provided that all disputes would be resolved by the Code of Arbitration Procedure of the National Arbitration Forum (NAF).  However, the NAF decided not to accept consumer arbitrations.  The court wrote:

> Under § 5 of the Federal Arbitration Act, when the arbitral forum is unavailable, the court can appoint a substitute arbitrator. (Citation omitted).  Because arbitration is a matter of contract, however, we have held that an arbitration agreement is only enforceable if the choice of forum is **not** an integral part of the agreement to arbitrate. 644 Fed. App'x at 894.  (Emphasis in original).

The court found that "the NAF pervaded the arbitration provision". "It was designated as the exclusive forum and its Code of Arbitration Procedure was selected to govern all claims." *Id*. at 896.  Accordingly, the court refused to

15

compel arbitration.³ *See also Parnell v. Western Sky Fin., LLC*, 664 Fed. App'x 841(11th Cir. 2016)(substitute arbitrator request denied – designated arbitrator unavailable and integral); *Parm v. Nat'l Bank of Cal, N.A.*, 835 F. 3d 1331 (11th Cir. 2016)( substitute arbitrator could not be appointed and motion to compel arbitration denied); and *Inetianbor v. CashCall, Inc.*, 768 F. 3d 1346 (11th Cir. 2014)( substitute arbitrator denied and motion to compel denied.)

Defendants' arbitration clause does <u>not</u> allow the appointment of a substitute arbitrator. There is zero language about a substitute arbitrator. The AAA is an integral part of the agreement. It is mentioned <u>eleven</u> times . The clause states that the arbitration **shall** be administered by the AAA. (Complt. ¶ 12, and ¶ 34 (e) of the arbitration clause, Doc. 1.)

While the AAA has extensive procedural due process rules and safeguards in place, Defendants offer no substitute rules of any kind. Their motion to compel arbitration is totally silent on the practical realities of gutting the AAA arbitration clause. Thousands of Wyndham Owners seek cancellation every year. Even if even a small percentage of these Owners

---

³ The Court distinguished *Brown v. ITT Consumer Fin. Corp.*, 211 F. 3d 1217 (11th Cir. 200) which is heavily relied upon by Defendants. It said that in *Brown*, there was no explicit designation of an arbitral forum.

16

demand arbitration, this Court would be faced with the prospect of repeatedly having to select substitute arbitrators and take over the administrative role assigned to the AAA by Wyndham. If Defendants resurrect their argument for appointment of a substitute arbitrator, it should be rejected.

## Conclusion

For the aforesaid reasons, Plaintiffs respectfully request that the Report not be adopted, that the motion to compel arbitration be denied, or that the Report be modified to allow discovery to be taken regarding whether Defendants refused to waive portions of their arbitration clause when requested to do so by the AAA before any ruling on the motion to compel.

Plaintiffs,

By *Howard B. Prossnitz /s/*
Howard B. Prossnitz, Esq, FBN 60031
**Law Offices of Howard B. Prossnitz, PLLC**
1014 Ontario Street
Oak Park, IL 60302
prossnitzlaw@gmail.com
Phone: (708) 203-5747

                              Adam Szulczewski, Esq.
                              1421 West Fletcher Street, 1 F
                              Chicago, IL 60657
                              (248) 930-6001
                              (*Pro hac vice*)
                              szulcze@outlook.com
                              *Counsel for Plaintiffs*

Dated: September 28, 2021

## Certificate of Service

      I, Howard Prossnitz, an attorney, certify that I filed and served a copy of the foregoing Memorandum on all counsel of record through the Court's CM/ECF electronic filing and service system on this 28th day of September, 2021.

                              *Howard B. Prossnitz /s/*

## **Index to Exhibits**

A.  Slip Opinion, *Reynolds v. Wyndham Vacation Resorts, Inc. et al.* (Ct. Comm. Pleas, 15th Judicial Circuit. South Carolina, Case 2020-CP-26-07441, April 5, 2021).

B.  Defendants' Objections to Plaintiffs' First Rule 34 Requests

C.  Defendants' Objections to Plaintiffs' First Rule 33 Interrogatories