# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHARLES HAROLD BEDGOOD, JOEL WILSON BRANDON, HANNAH LYN HEIL BRNADON, EDDIE MATHEWS JR., REENA T. SMITH, and ROSLIND CHRISTINE HARPER,<br><br>    Plaintiffs,<br>v.<br><br>WYNDHAM VACATION RESORTS, INC.,<br><br>    Defendants. | Case No. 6:21-cv-00418 |

**STIPULATED ORDER REGARDING INADVERTENT DISCLOSURE PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)**

Plaintiffs Charles Harold Bedgood, Joel Wilson Brandon, Hannah Lyn Heil-Brandon, Eddie Mathews, Jr., Reena T. Smith, Roslind Christine Harper, and Defendant Wyndham Vacation Resorts, Inc., hereby STIPULATE and AGREE to be bound by the terms of the following Order, which shall, subject to the approval of the Court, control the process for handling inadvertent disclosure of discovery materials in the above-captioned action:

In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the inadvertent disclosure of any document or information subject to an applicable privilege shall not be deemed to waive – in this action or in any other federal or state proceeding – any applicable privilege or immunity from

1

discovery that would otherwise attach to the document or information produced or to other documents or information, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

   *a.* Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure, the disclosure shall not be deemed a waiver in this action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

   *b.* The receiving party shall, upon request, within three business days, return to the producing party, sequester, or destroy all copies and summaries of such documents, testimony, information, and/or things, and shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court. Within five business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials. The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the

claimed documents or information is in fact privileged or entitled to protections of immunity.

   *c.*  The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information was never privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Allegedly privileged documents shall remain protected against disclosure and use during the pendency of any dispute over their status. If such a sealed filing is made or is being promptly prepared, the receiving party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity. The producing party must preserve the information until the claim is resolved.

   *d.*  If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing filed under seal or in redacted form was inadvertently produced and is protected by privilege or work-product immunity, all parties shall comply with Rule 26(b)(5)(B), except that the producing party, within five business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall

identify the inadvertently disclosed material and simultaneously produce to all parties a privilege log specifically identifying the inadvertently disclosed material and a detailed basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue. If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within five business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the inadvertently disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved. Nothing in this Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. If the inadvertently disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneous with

the hearing on the relevant dispositive motion or opposition to dispositive motion.

Dated: March 13, 2024

By:

| | |
|---|---|
| _/s/ Howard B. Prossnitz_ | _/s/ J. Trumon Phillips_ |
| Howard B. Prossnitz | J. Trumon Phillips |
| LAW OFFICES OF HOWARD B. PROSSNITZ | DLA Piper US, LLP |
| 1014 Ontario Street | 3111 W. Dr. Martin Luther King Jr. Blvd., Suite 300 |
| Oak Park, IL 60302 | Tampa, FL 33607-6233 |
| (708) 203-5747 | (813) 229-6233 |
| prossnitzlaw@gmail.com | trumon.phillips@dlapiper.com |
| *Attorney for Plaintiffs* | David S. Sager (*pro hac vice*) |
| | DLA PIPER LLP (US) |
| | 51 John F. Kennedy Parkway, Suite 120 |
| | Short Hills, NJ 07078 |
| | (973) 520-2570 |
| | david.sager@dlapiper.com |
| | *Attorneys for Defendant* |

SO ORDERED this 14 day of March, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

5