UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES HAROLD BEDGOOD,
JOEL WILSON BRANDON,
HANNAH LYN HEIL-BRANDON,
EDDIE MATTHEWS JR., REENA
T. SMITH and ROSLIND
CHRISTINE HARPER,

        Plaintiffs,

v.                                                              Case No. 6:21-cv-418-JSS-DCI

WYNDHAM VACATION
RESORTS, INC.,

        Defendant.
_____/

# ORDER

Defendant moves to dismiss Plaintiffs' Amended Complaint (Dkt. 90) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Motion, Dkt. 92.) Plaintiffs oppose the Motion. (Dkt. 106.) Defendant filed a Reply. (Dkt. 113.) For the reasons that follow, Defendant's Motion (Dkt. 92) is granted in part and denied in part.

## BACKGROUND

Plaintiff filed their Amended Complaint after the Eleventh Circuit affirmed the court's denial of Defendant's motion to compel arbitration. (Dkt. 90 ¶ 1.) The Amended Complaint identifies four sets of plaintiffs that purchased a timeshare interest from Defendant: (1) Harold Bedgood, (2) Joel Wilson Brandon and Hannah

Heil-Brandon, (3) Eddie Matthews Jr. and Reena T. Smith, and (4) Christine Harper. (*See id*. ¶¶ 33–37.) Plaintiffs assert six counts against Defendant in the Amended Complaint. (*See id*. ¶¶ 81–111.) In Count One, Plaintiffs generally allege that Defendant materially breached the contracts with Bedgood, Brandon and Heil and seek recission of the contracts. (*Id*. ¶¶ 81, 85.) In Count Two, Plaintiffs generally allege that Defendant's omissions and nondisclosures were fraudulent and seek punitive damages. (*Id*. ¶¶ 88–93.) In Count Three, Bedgood generally alleges Defendant violated the Tennessee Time-Share Act of 1981 due to misrepresentations and omissions. (Dkt. 90 ¶ 97.) Bedgood seeks an award of punitive damages and attorney's fees against Defendant. (*Id*. ¶ 98.) In Count Four, the Brandons generally allege that Defendant violated Title 27, Chapter 32, of the South Carolina Code of Laws due to misrepresentations and seek to void their contract as well as full reimbursement of all monies paid to Defendant. (Dkt. 90 ¶¶ 102–03.) In Count Five, the Brandons generally allege that Defendant violated Title 39, Chapter 5-10, *et seq.*, of the South Carolina Code of Laws due to misrepresentations and omissions and seek an award of treble damages and attorney's fees. (Dkt. 90 ¶¶ 106–07.) Last, in Count Six, Matthews and Smith generally allege that Defendant violated Title 51, Chapter 13, Section 1401, *et seq.*, of the Louisiana Unfair Trade Practices and Consumer Protection Law because of its misrepresentations and omissions. (Dkt. 90 ¶ 110.) Matthews and Smith argue that the Louisiana Unfair Trade Practices and Consumer Protection Law permits the recovery of attorney's fees. (*Id*. ¶ 111.) Plaintiffs also seek injunctive relief, a declaration that the contracts are void, cancellation of Plaintiffs'

2

contracts with Defendant, compensatory damages, punitive damages, treble damages under South Carolina law, and attorneys' fees and costs. (*Id.* ¶¶ A–K.)

Defendant moves to dismiss Plaintiffs' Amended Complaint on the grounds that Plaintiffs failed to allege facts sufficient to establish subject matter jurisdiction in that the amount in controversy in this matter does not exceed $75,000, exclusive of interest and costs as required by 28 U.S.C. § 1332. (Dkt. 92.)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). To establish federal diversity jurisdiction, a plaintiff must sufficiently plead complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A plaintiff satisfies the amount in controversy requirement by claiming a sum greater than $75,000 in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The jurisdictional amount may be comprised of compensatory and punitive damages as well as attorney's fees. *See Rae v. Perry*, 392 F. App'x 753, 756 (11th Cir. 2010) (considering compensatory, punitive damages, and attorney's fees to satisfy the jurisdictional requirement).

"It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289; *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007). "Where jurisdiction is based on a claim for indeterminate damages the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the

evidence that the claim . . . meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citations omitted); *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1208–09 (11th Cir. 2007) (explaining that where damages are unspecified, the removing party bears the burden of establishing by a preponderance of the evidence that the amount in controversy has been met). "A prayer for damages is indeterminate where the 'complaint does not allege a specific amount of damages.'" *Id*. at 808 (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

"Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)). A facial challenge is a "challenge [to] subject matter jurisdiction based on the allegations in the complaint." *Morrison*, 323 F.3d at 924 n.5. A facial challenge "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject-matter jurisdiction." *Murphy v. Sec'y, U.S. Dep't of Army*, 769 F. App'x 779, 781 (11th Cir. 2019) (citing *Mechaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). When analyzing a facial attack, the court must consider the allegations as outlined in the complaint as true. *Lawrence*, 919 F.2d at 1529. A factual attack "challenges the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Murphy*, 769 F. App'x at 781; *see Kuhlman v. United States*, 822 F. Supp. 2d 1255 (M.D.

4

Fla. 2011) (finding the defendant made a factual attack and attached affidavits to its motion).

## ANALYSIS

Defendant mounts a facial challenge to the court's jurisdiction whereby Defendant "challenge[s] subject matter jurisdiction based on the allegations in the complaint" and argues that the amount in controversy requirement is not satisfied.[1] *See Morrison*, 323 F.3d at 924 n.5. The court therefore takes the allegations in Plaintiffs' Amended Complaint as true and examines only the allegations as set forth therein. Plaintiffs do not allege a specific amount of damages within the Amended Complaint. *See* (Dkt. 90.) As stated above when a prayer for damages is indeterminate, the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim meets the jurisdictional minimum requirement. *Federated Mut. Ins. Co.*, 329 F.3d at 807. Since Plaintiffs do not allege a specific amount of damages within their Amended Complaint, Plaintiffs must establish the amount in controversy by a preponderance of the evidence. *See Federated Mut. Ins. Co.*, 329 F.3d at 808.

### A.  Aggregation of Claims to Satisfy the Amount in Controversy

Aggregation of claims requires "the presence of a 'common and undivided interest' . . . [where] the defendant owes an obligation to the group of plaintiffs as a

---

[1] The parties agree that complete diversity of citizenship exists as the Plaintiffs and Defendant are all citizens of different states. Accordingly, Plaintiffs have established the first prong of the federal diversity jurisdiction analysis. *See* (Dkt. 90 ¶¶ 33–38.)

group and not to the individuals severally." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000) (citing *Eagle v. American Tel. and Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985)). "[T]he character of the interest asserted depends on the source of plaintiffs' claims." *American Tel. and Tel. Co.,* 769 F.2d at 546. "If the claims are derived from rights that they hold in group status, then the claims are common and undivided." *Id*. "If not, the claims are separate and distinct." *Id*. "If plaintiffs' rights are not affected by the rights of co-plaintiffs then there can be no aggregation." *Eagle Star Ins. Co. v. Maltes*, 313 F.2d 778, 781 (5th Cir. 1963) (citation omitted). "In other words, the obligation to the plaintiffs must be a joint one." *Id*.

Here, the source of Plaintiffs' claims are various security agreements Plaintiffs executed with Defendant. *See* (Dkt. 90-2). The Brandons signed one agreement together for their timeshare interest. (*Id*.) Since the Brandons' claims arise from one agreement they executed together, the Brandons share a common undivided interest. Matthews and Smith signed one agreement for their timeshare interest. (*Id*.) Similar to the Brandons, Matthews and Smith share an undivided common interest because their claims arise out of one agreement. Bedgood signed one agreement for his timeshare interest. (*Id*.) Bedgood does not share a joint interest with the other Plaintiffs, thus his claims are separate and distinct from the other Plaintiffs. Lastly, Harper signed one agreement for her interest which is separate and distinct from the other Plaintiffs. (*Id*.)

6

Thus, aggregation of all the Plaintiffs' claims to meet the jurisdictional amount in controversy requirement is not warranted. The court will, for purposes of the amount in controversy requirement, consider the interests of the Brandons together, as they share a joint interest in one agreement and the claims of Matthews and Smith together, as they share a joint interest in one agreement.

### B. Statutory Attorneys' Fees and Damages to Satisfy the Amount in Controversy Requirement

The existence of jurisdiction must not rely upon speculation. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753–54 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007) ("The absence of factual allegations to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars."). However, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy" for purposes of establishing diversity jurisdiction. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000) (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). The amount of the attorney's fees is viewed as "separate and distinct" for each plaintiff whenever a plaintiff is individually entitled to attorneys' fees under a statute. *Morrison*, 228 F.3d at 1266 (citation omitted). As a result, the estimated total amount of attorneys' fees should be divided equally among the plaintiffs. *Id.* at 1268; *see also Cohen*, 204 F.3d at 1082–83.

Here, Plaintiffs "demand cancellation and recession of their contracts with a refund of all monies paid to Defendant." (Dkt. 90 ¶ 32.) Plaintiffs also seek

7

compensatory damages, punitive damages, treble damages, attorneys' fees and costs. (*Id*. ¶¶ G, H, I, J.) Plaintiffs do not allege a particular amount for any of the fees or damages sought, but merely state that certain statutes permit awarding damages and attorneys' fees. (*Id*. ¶¶ 80, 98, 107, 111.) In paragraph 80 of the Amended Complaint, Plaintiffs state "[i]n this case, Wynham filed an unsuccessful motion to dismiss and an appeal which was rejected resulting in over $200,000 of legal time thus far even before an answer has been filed or discovery taken." (*Id*. ¶ 80.)

Plaintiffs further maintain that the amount in controversy requirement is satisfied by considering settlements involving Defendant and a case awarding civil penalties exceeding $75,000. (Dkt. 90 ¶¶ 70–72.) However, "[w]ithout specific evidence or factual allegations linking . . . claims to case law with similar facts where punitive damages are awarded in a similar amount, [a movant] fail[s] to meet [its] burden that . . . punitive damages would . . . be sufficient to meet the jurisdictional threshold." *Scott v. Walmart, Inc.,* 528 F. Supp. 3d 1267, 1277–78 (M.D. Fla. 2021) (citing *Balkum v. Pier 1 Imports (U.S.), Inc.*, No. 6:17-cv-1299-Orl-37DCI, 2017 WL 3911560, at *3 (M.D. Fla. Sept. 7, 2017) (noting "the wholly speculative and unpredictable nature of jury awards in the area of punitive damages" and holding that the movant did not provide "specific evidence that links [the nonmovant's] claims or [the movant's] alleged conduct to the cases where punitive damage awards exceed $75,000").

Plaintiffs have not identified cases that are factually similar to this matter. For example, Plaintiffs rely on *Williams v. Wyndham Vacation Ownership, Inc.*, to support

8

their position that the jurisdictional amount is satisfied. *See* (Dkt. 90 ¶ 73); *Williams v. Wyndham Vacation Ownership, Inc.*, No. CGC-12-526187, 2017 WL 1045189, at *1 (Cal. Super. Mar. 10, 2017). *Williams v. Wyndham Vacation Ownership, Inc.* is not analogous to the instant case as it involved claims related to wrongful termination of employment, rather than a contractual dispute as alleged here. *See* 2017 WL 1045189, at *1. Plaintiffs did not identify any other cases whereby a jury awarded punitive damages in a factually similar case.

As Plaintiffs have not provided the court with similar cases awarding punitive and compensatory damages, any calculation by the court would rely on impermissible speculation. *See Rae v. Perry*, 392 F. App'x at 756 (discussing party's failure to show by a preponderance of the evidence that compensatory, punitive damages, and attorney's fees would meet the jurisdictional requirement); *See Scott,* 528 F. Supp. at 1277 (noting the unpredictable nature of jury awards with regard to punitive damages). The court thus declines to consider a speculative amount of punitive or compensatory damages in its consideration of the amount in controversy.

### C. Plaintiffs' Claims

In light of the foregoing, the court considers whether Plaintiffs have alleged sufficient facts to support a finding that the amount in controversy is satisfied.

#### 1. Bedgood Satisfies the Amount in Controversy Requirement.

Bedgood alleges that he was induced into entering the contract with Defendant in which he purchased a timeshare interest in exchange for $23,000. (Dkt. 90 ¶ 58).

According to Bedgood, the balance due is approximately $17,000. (*Id.* ¶ 59.) Although he has not specified the precise amount in the Amended Complaint, Bedgood allegedly continues to pay monthly minimum payments for the outstanding amount due. Considering the allegations in the Amended Complaint, if he prevails, he will receive approximately a $6,000 refund. (*Id.*) Further, Plaintiffs maintain their counsel has expended over $200,000 in attorney's fees, to which Bedgood may be entitled under the Tennessee Time-Share Act of 1981 as alleged in Count Three. Dividing the attorney's fee amount evenly among the applicable groups of Plaintiffs establishes that Bedgood may potentially recover approximately $72,667. Additionally, it reasonable that Bedgood will incur additional attorneys' fees throughout the litigation of this case and could be awarded such fees. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010); *see Booker v. Doyon Sec. Servs.*, LLC, No. 16-24146-CIV, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017). Therefore, considering Bedgood's alleged damages and attorney's fees, the jurisdictional amount is satisfied.

### 2. The Brandons Satisfy the Amount in Controversy Requirement.

The Brandons assert they signed a contract with Defendant with a total purchase price of $16,874. (Dkt. 90 ¶ 60.) The Brandons claim to have an approximate balance of $10,329. (*Id.*) The Brandons requested refund would be approximately $6,545. (*Id.*) The Brandons further assert entitlement to treble damages and attorneys' fees in Count Five, pursuant to a South Carolina Code of Laws statute. Trebling the Brandons' refund as authorized by the applicable statute and adding the equally

divided portion of the alleged $200,000 in attorneys' fees results in damages and attorney's fees in excess of the jurisdictional amount.

### 3. Matthews and Smith Satisfy the Amount in Controversy Requirement.

Matthews and Smith assert that they signed a contract with Defendant with a total purchase price of $19,874. (Dkt. 90 ¶ 61.) Matthews and Smith's requested refund would total $19,874. (*Id.*) The Louisiana Unfair Trade Practices and Consumer Protection Law authorizes recovery of attorneys' fees as alleged in Count Six. Matthews and Smith's refund plus the equally divided portion of the alleged $200,000 in attorneys' fees satisfies the jurisdictional requirement. Therefore, the jurisdictional amount is satisfied as to Matthews and Smith and subject matter jurisdiction exists as to their claims.

### 4. Harper does not Satisfy the Amount in Controversy Requirement.

Harper asserts that she signed a contract with Defendant with a total purchase price of $15,000. (Dkt. 90 ¶ 62.) Harper's requested refund would be $15,000. (*Id.*) Harper does not bring any claims under a statute that would award attorneys' fees and as such, the court cannot consider attorneys' fees in determining jurisdiction. *See Rosenfeld v. Aerovanti, Inc.*, No. 8:23-cv-1893, 2023 WL 5625477, at *2 (M.D. Fla. Aug. 31, 2023) ("Although [plaintiff] refers to attorney's fees, such fees are generally excluded from the calculation of the amount in controversy unless a statute authorizes their recovery."). As stated above, the Amended Complaint does not provide the court with any basis for determining punitive damages to add to Harper's refund. As

11

Harper's total alleged damages do not meet the jurisdictional threshold, the court lacks jurisdiction over her claims.

## CONCLUSION

Accordingly:

1. Defendant's Motion to Dismiss Amended Complaint (Dkt. 92) is **GRANTED in part** and **DENIED in part**.

2. Defendant's Motion is granted to the extent that Plaintiff Harper is dismissed from this matter for lack of subject matter jurisdiction. Defendant's Motion is otherwise denied.

3. Defendant shall file an answer to the Amended Complaint within 14 days. See Fed. R. Civ. P. 12(a)(4)(A).

**ORDERED** in Orlando, Florida on April 22, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record