UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES HAROLD BEDGOOD, JOEL
WILSON BRANDON, HANNAH LYN
HEIL-BRANDON, EDDIE MATHEWS
JR., REENA T. SMITH, and ROSLIND
CHRISTINE HARPER,

      Plaintiffs,

v.                                               Case No: 6:21-cv-418-JSS-DCI

WYNDHAM VACATION RESORTS, INC.,

      Defendant.

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Unopposed Motion and Supporting Legal Memorandum to Seal Under Local Rule 1.11 Exhibit J to Plaintiffs' Memorandum in Opposition to Summary Judgment (Doc. 134)** |
| **FILED:** | **November 20, 2024** |
| | **THEREON it is ORDERED that the motion (Doc. 134) is DENIED.** |

**I.    Background**

On November 4, 2024, Defendant Wyndham Vacation Resorts, Inc. filed a motion for summary judgment. Doc. 131. Plaintiffs filed their opposition and attached several exhibits, including Exhibit J, a composite exhibit containing four documents. Docs. 133 (the Opposition); 133-10 (Exhibit J).

1

On November 20, 2024, Plaintiffs filed the instant motion seeking leave to file Exhibit J under seal. Doc. 134 (the Motion). Exhibit J contains: 1) a sales script used in Wyndham sales presentations (the Script); 2) an internal Wyndham presentation (the PowerPoint); 3) a customer survey (the Survey); and 4) feedback on business strategy from a Wyndham leadership summit (the Feedback) (collectively, the Documents). Doc. 134 at 2. Plaintiffs filed the Motion pursuant to Local Rule 1.11 and cite to no statute, rule, or other order that authorizes the filing of items under seal. Plaintiffs argue that the Documents should be sealed because "Defendant maintains they contain confidential business information and trade secrets." Doc. 134 at 3. The Motion is unopposed.

## II.  Legal Standard

The filing of items under seal is governed by Local Rule 1.11(b), which provides as follows:

> A motion to seal an item:
>
> (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";
>
> (2) must describe the item;
>
> (3) must establish:
>
> > (A) that filing the item is necessary,
> >
> > (B) that sealing the item is necessary, and
> >
> > (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;
>
> (4) must include a legal memorandum;
>
> (5) must propose a duration for the seal;
>
> (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

>> (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and
>
> (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

Once the court has assessed compliance with the Local Rule, the Court then must determine whether the movant has shown good cause for sealing the Documents. In deciding whether to grant a motion to seal, the Court must remain cognizant of a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted). Although the common law right of access creates a presumption against sealing court records, a party may overcome that presumption with a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

### III. Discussion

For at least three reasons the Motion is due to be denied. Plaintiffs have not established: 1) that filing the item is necessary; 2) that using a redaction or a means other than sealing is

unavailable or unsatisfactory; and 3) that good cause exists to overcome the presumptive public right of access.

First, Plaintiffs have not established that "filing the item is necessary" as required by Local Rule 1.11(b)(3)(A). Plaintiffs give two reasons for filing the Documents: 1) the Documents "contain material facts about availability at Wyndham resorts and other matters which were never disclosed to Plaintiffs[;]" and 2) because "it would be fundamentally unfair to allow Wyndham in its Summary Judgment Motion to refer to parts of the [D]ocuments . . . without mentioning other parts." Doc. 134 at 3. However, Plaintiffs do not actually cite to the contents of the Documents in their Opposition. *See generally* Doc. 133. Plaintiffs only refer to the Documents when discussing their intent to file the instant Motion and to broadly state that the Documents contain "material omissions by Wyndham." Doc. 133 at 2, 12, 22. But Plaintiffs never articulate what those omissions entail. *Id.* Similarly, Defendant's summary judgment motion "obliquely refers to the Powerpoint and Feedback" (Doc. 134 at 3), but Plaintiffs make no attempt to explain *why* "the Court should see the [D]ocuments in their entirety." *Id.* Considering that Defendant claims that the Documents contain confidential information, it is no surprise that they "obliquely" refer to the Documents and did not attach the Documents to their motion for summary judgment. However, Plaintiffs, as the movants seeking to file the Documents on the docket, in whole and under seal, bear the burden of establishing that filing the Documents "is necessary." Local Rule 1.11(b)(3)(A). Plaintiffs have not done so here. Generic references to a collection of four items totaling over seventy pages—without an analysis related to the necessity of filing tied to any pinpoint citation to the relevant pages or information deemed necessary—does not meet the standard established by Local Rule 1.11(b)(3)(A).

Second, Plaintiffs have not established that "using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory" as required by Local Rule l.11(b)(3)(C). Plaintiffs make a one-sentence blanket assertion that "[c]onfidential information is contained throughout the [D]ocuments so that redaction would render the [D]ocuments incomprehensible." Doc. 134 at 3. But Plaintiffs have submitted four distinct items for seal and have not articulated why partial sealing or redactions would be inappropriate for each. For example, in the case of the Script, it appears that the left half of the item is the public-facing presentation, and only the right half of the item is a sales script. Plaintiffs could have suggested partially sealing or redacting the Script. But blanket and conclusory assertions do not provide this Court with the information it needs to assess whether lesser measures could be appropriate for some of the Documents. Therefore, Plaintiffs have not met the requirements of Local Rule 1.11.

Third, Plaintiffs have not met their burden in showing good cause to overcome the presumption of public access. As a preliminary matter, Plaintiffs did not recognize that they carried the burden of showing good cause in this Motion and seemed to misunderstand that the public right of access would attach to the Documents if they are considered in relation to a motion for summary judgment. Doc. 134 at 5 ("The question of public access to the [D]ocuments can be decided at trial."). As this Court considers Defendant's summary judgment motion (Doc. 131), the evidence the Court relies upon becomes an integral part of the judicial record and subject to the public right of access. *Chicago Tribune*, 263 F.3d at 1312 ("[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right [of access.]"); *see also Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Stated another way, although there is no common law right to obtain

5

discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access.").

If Plaintiffs seek to attach the Documents to their Opposition, the Documents are intended to be part of the judicial record. Doc. 133-10. Thus, the Court must evaluate whether good cause for the seal exists. But Plaintiffs have not clearly articulated the harm that public disclosure of the Documents would cause. *Loc. Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, at *3 (M.D. Fla. May 12, 2017) ("Good cause is established by showing that disclosure will cause 'a clearly defined and serious injury.'") (citations omitted). And conclusory assertions that entire items are confidential are insufficient to show good cause. *Aldora Aluminum & Glass Prods., Inc. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

Separately, the Parties' confidentiality agreement and another court's decision to seal the Documents in another proceeding does not militate sealing here. As mentioned in a prior Order denying a motion to seal in this case, to the extent Plaintiffs' basis for relief is that the parties or Defendant previously designated the materials "Confidential," the parties do not have the right to stipulate what judicial records will be sealed. *See Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985). Local Rule 1.11 specifies that sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation. Local Rule 1.11(a). Further, reference to a protective order in a case from another court is not an adequate reason to seal the information in the present case.

Litigation is an inherently public process. Certainly, the Court does not regularly issue secret, sealed orders in civil cases. And if the information at issue is necessary to the Court's

decision, the Court may discuss it in an eventual order. Thus, the confidential information at issue may become public regardless of whether the Court allows the parties to seal their briefing or exhibits. Of course, if the confidential information is not necessary to the Court's decision, the parties should probably not provide it to the Court, sealed or not. *See* Local Rule 1.11(c)(3)(A).

Nevertheless, it is expected that information obtained via discovery or otherwise in the possession of the parties is available to all parties for the purpose of seeking and opposing dispositive motions made to the Court, and this Order should not be construed as a mechanism to prevent a party from utilizing such discovery or other materials in this case for all appropriate purposes. Thus, to the extent a party has concluded that a provisions of the parties' confidentiality agreement (or some other confidentiality agreement) prevents them from filing their motions and the exhibits thereto on the public record, it is hereby **ORDERED** that the parties are given leave of court to file those Documents at issue in the Motion on the public record in relation to the dispositive motions.

If there is information in the Documents that a party deems confidential **and** that is not necessary for the Court's consideration of the underlying motion for summary judgment, the Court expects that information to be minimally redacted prior to public filing—the Court will not consider any information that is redacted.

### IV.  Conclusion

Accordingly, it is **ORDERED** that the Motion (Doc. 134) is **DENIED**.

**ORDERED** in Orlando, Florida on January 29, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE