UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES HAROLD BEDGOOD,
JOEL WILSON BRANDON,
HANNAH LYN HEIL-BRANDON,
EDDIE MATHEWS JR., and REENA
T. SMITH

    Plaintiffs,

v.   Case No: 6:21-cv-418-JSS-DCI

WYNDHAM VACATION RESORTS,
INC.,

    Defendant.
_____/

## ORDER

Plaintiffs Charles Bedgood, Joel Brandon, and Hannah Lyn Heil-Brandon move for partial reconsideration (Dkt. 163) of the court's order (Dkt. 162) granting in part Defendant Wyndham Vacation Resorts, Inc.'s motion for summary judgment (Dkt. 131). Defendant opposes the motion for reconsideration. (Dkt. 164.) Upon consideration, for the reasons outlined below, the motion is denied.

## BACKGROUND

In their amended complaint, Plaintiffs assert causes of action for breach of contract, fraudulent inducement by omission, and violations of state law related to their timeshare contracts with Defendant. (Dkt. 90 ¶¶ 81–111.) Defendant moved for summary judgment on each claim, arguing that "the undisputed evidence show[ed]

that each Plaintiff signed contracts and received disclosures that contradict [their] allegations of material omissions." (Dkt. 131 at 2.) As relevant here, the court entered summary judgment on Bedgood and the Brandons' claims in Counts Two to Five. (Dkt. 162 at 8–18, 22.) These Plaintiffs now move for partial reconsideration. (Dkt. 163.) They submit that the court should revisit its decision to correct clear error and prevent manifest injustice based on purportedly overlooked evidence of omissions. (*Id.* at 6.)

## APPLICABLE STANDARDS

Courts typically recognize "three grounds [that justify] reconsideration of an order: (1) an intervening change in controlling law[,] (2) the availability of new evidence[,] and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotations omitted). "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Torres v. Pasco Cnty. Bd. of Comm'rs*, 2022 WL 3099255, at *1 (M.D. Fla. Aug. 4, 2022) (alteration adopted and quotation omitted). "Though district courts enjoy plenary power to reconsider non-final rulings, they need not employ plenary review when doing so. Indeed, in most instances[,] district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underl[ie] that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024) (emphasis omitted). Thus, "[t]he decision to grant a motion for reconsideration of a non-final order is committed

to the sound discretion of the court." *Torres*, 2022 WL 3099255, at *1 (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

Though a motion for reconsideration may be used "to correct a clear error in the court's interpretation of either the facts or the law," *Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698 (M.D. Ala. 1995), such a motion "cannot be used to 'relitigate old matters[ or to] raise argument or present evidence that could have been raised" before the court issued its decision, *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). In the end, reconsideration "ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *McGuire,* 497 F. Supp. 2d at 1358 (cleaned up). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *United States v. Battle,* 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir. 1985)).

## ANALYSIS

Bedgood and the Brandons move for reconsideration of the court's order granting summary judgment on Counts Two to Five. (*See* Dkt. 163.) The court addresses each count in turn.

### A. Count Two

In Count Two, Bedgood and the Brandons allege that Defendant fraudulently induced them to buy timeshares through "omissions and non-disclosures." (*See* Dkt. 90 ¶¶ 88, 92.) Defendant moved for summary judgment, citing evidence that it told Bedgood that it did not have a resort in Orange Beach, Alabama, and that it told the Brandons that it could not guarantee refinancing for their timeshare purchase loan. (Dkt. 131 at 14–15.) In response, Bedgood cited evidence that he "was *told* [that] there would be Orange Beach accommodations." (Dkt. 133 at 14 (emphasis added).) The Brandons likewise cited evidence suggesting that they "were falsely *told* that Wyndham resorts were exclusive to Wyndham Owners and that they need not worry about availability." (*Id.* (emphasis added).) Ultimately, the court granted summary judgment because Bedgood and the Brandons had not "identif[ied] affirmative evidence to support the omission theory that they ha[d] pleaded." (Dkt. 162 at 9.)

Plaintiffs contend that the court should reconsider its decision because it overlooked evidence that Defendant withheld relevant information about availability and the extent to which first-year owners use their timeshares. (Dkt. 163 at 12 (citing Dkt. 133 at 5, 7, 8, 9, 11).) To be sure, Plaintiffs refer to these alleged omissions in the background section of their brief. (*See* Dkt. 133 at 5, 7, 8, 9, 11.) Yet Plaintiffs did not include those allegations in their argument. (*See id.* at 14–15.) "In our adversarial system of adjudication," the parties are responsible for "fram[ing] the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (quotation omitted). They must "advanc[e] the facts and arguments entitling them to relief,"

*Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (quotation omitted), while courts serve as "neutral arbiter[s] of [the] matters [that] the parties present," *Sineneng-Smith*, 590 U.S. at 375 (quotation omitted). Thus, a court need not "distill every potential argument that could be made based upon the materials before it on summary judgment." *Pizarro v. Home Depot, Inc.*, 111 F.4th 1165, 1182 (11th Cir. 2024) (quotation omitted). Plaintiffs were responsible for framing their opposition to Defendant's motion for summary judgment. *See Sineneng-Smith*, 590 U.S. at 375. They framed their argument in terms of what Defendant said, not what it failed to say. (*See* Dkt. 133 at 13–14.)

The references to Defendant's alleged omissions in the background section of Plaintiffs' brief do not discharge Plaintiffs' responsibility to frame the issues and advance the facts and arguments entitling them to relief. The Eleventh Circuit has held that a party abandons an issue when it fails to "plainly and prominently raise [the issue], for instance by devoting a discrete section of . . . argument to [discussing it]." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation omitted). Indeed, a party waives arguments that are raised in passing, asserted perfunctorily, buried within a brief, or used merely to support other arguments. *See id.* at 681–82.

The Eleventh Circuit's decision in *LaCourse v. PAE Worldwide Inc.* illustrates the consequences of failing to conspicuously raise issues. *See* 980 F.3d 1350, 1353 (11th Cir. 2020). In that case, an Air Force pilot's widow sued the company responsible for maintaining her husband's aircraft after he died in a training incident, claiming that

the company failed to conduct proper maintenance. *Id.* at 1353. The district court entered summary judgment for the company because the widow had not shown that it violated the Air Force's maintenance procedures. *Id.* at 1360. On appeal, the widow devoted a portion of her statement of facts section to discussing "three Air Force maintenance procedures under the subheading The [Company]'s Lack of Compliance with the Air Force's Specifications and Instructions." *Id.* (internal quotation marks omitted). Yet she made only a single, vague reference to the argument later in her brief. *See id.* For that reason, the Eleventh Circuit concluded that despite mentioning the argument throughout her statement of facts, the widow "ha[d] almost certainly abandoned" the argument. *Id.*

Like the widow in *LaCourse*, Bedgood and the Brandons point to citations scattered throughout the background of their brief that were not connected to their arguments. (*See* Dkt. 133 at 3, 5, 9–10, 13–14.) They suggest that the court needed to comb their brief and the record to find evidence creating an issue of material fact. (*See* Dkt. 163 at 1–13.) The American legal system does not work that way. *See Sineneng-Smith*, 590 U.S. at 375. By failing to discuss Defendant's alleged omissions in connection with their fraudulent omission claims, Plaintiffs "almost certainly" waived this argument. *See LaCourse*, 980 F.3d at 1360. Nevertheless, reconsideration is improper as Plaintiffs had this evidence when responding to the motion for summary judgment and failed to cite it. *See Wilchombe*, 555 F.3d at 957 (explaining that a

"motion for reconsideration cannot be used to . . . raise argument or present evidence that could have been raised" before the court issued its decision (quotation omitted)).

Plaintiffs speculate that the court may have overlooked relevant evidence buried within Exhibit J because the exhibit was filed weeks after their brief. (*See* Dkt. 163 at 2.) The court did not overlook Exhibit J. Plaintiffs did not use those documents to oppose summary judgment on Count Two. Instead, they quickly referenced the exhibit before pivoting to their primary arguments. (*See* Dkt. 133 at 12–15.) Plaintiffs seemingly fault the magistrate judge for their delay in filing the exhibit, as he denied their motion to file it under seal. (*See* Dkt. 163 at 2, 6–12.) However, the magistrate judge's earlier order, (Dkt. 114), denying a similar request, (*see* Dkts. 104, 105), should have led Plaintiffs to consider other options for integrating the exhibit into their arguments. For example, Plaintiffs' later filings show that Exhibit J could have been submitted with limited redactions and that relevant provisions could have been described in the body of Plaintiffs' argument. (Dkt. 140; Dkt. 163 at 2–4.) At bottom, the order denying Plaintiffs' motion to file Exhibit J under seal did not relieve Plaintiffs of their responsibility to "advanc[e] the facts and arguments entitling them to relief." *See Greenlaw*, 554 U.S. at 244 (quotation omitted). Plaintiffs had the exhibit when responding to the motion for summary judgment but failed to cite the purportedly overlooked evidence contained therein. (*See* Dkt. 133 at 13–15.)

In any case, the evidence scattered throughout the background of Plaintiffs' brief and buried within Exhibit J would not change the outcome on summary judgment. To defeat Defendant's motion for summary judgment, Plaintiffs needed to "go beyond

the pleadings, and by [their] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Maxi-Taxi of Fla., Inc. v. Lee Cnty. Port Auth.*, 301 F. App'x 881, 885 (11th Cir. 2008) (citing *Jeffrey v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir. 1995)). Plaintiffs needed to do this for each element of their claim. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

To prevail on a fraudulent inducement claim, a plaintiff must prove the defendant made "a false statement of material fact," which they "justifiably relied on" to their detriment. *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. Dist. Ct. App. 2012). Plaintiffs highlight conclusory allegations in their affidavits and depositions to demonstrate that other timeshare owners' frustrations with a perceived lack of availability and exclusivity at Defendant's resorts were material to their decisions to buy timeshares. (*See* Dkt. 132-2 at 173:21–174:1; Dkt. 133-3 ¶¶ 24-28; Dkt. 132-15 at 251:12–253:4.) The Eleventh Circuit has held that "[c]onclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Ayala v. Nissan N. Am., Inc.*, No. 23-11027, 2024 WL 489723, at *6 (11th Cir. Feb. 8, 2024) (citing *Earley*, 907 F.2d at 1081); *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (same). Plaintiffs failed to identify evidence beyond these conclusory allegations to show that, but for Defendant's silence on this issue, they would not have purchased their timeshares. *Ribak v. Centex Real Est. Corp.*, 702 So. 2d 1316, 1317 (Fla. Dist. Ct. App. 1997) ("Under Florida law, a fact is material if, but for the misrepresentation, the

aggrieved party would not have entered into the contract."). (Dkt. 132-2 at 173:21–174:1; Dkt. 132-15 at 251:12–253:4; Dkt. 133; Dkt. 133-3 ¶¶ 24-28.) This failure dooms their fraudulent inducement claims. *Maxi-Taxi*, 301 F. App'x at 885 (noting that summary judgment is appropriate when a party fails to "establish the existence of an element essential to that party's case") (alterations adopted and citation omitted); *see Smart Commc'ns Holding, Inc v. Correct Sols., LLC*, No. 8:20-CV-1469-JLB-JSS, 2023 WL 5106628, at *16 (M.D. Fla. Aug. 9, 2023) (granting summary judgment for the defendant because the plaintiff failed to show that the alleged omission was material to the underlying transaction); *Caldwell v. Compass Ent. Grp. LLC*, No. 614CV1701ORL41TBS, 2015 WL 8772909, at *6 (M.D. Fla. Dec. 15, 2015) (same).

Plaintiffs also ignore provisions within their contracts stating that "[p]oints may be used to reserve Club Accommodations . . . *on a space available basis*," (*see* Dkt. 90-2 at 3, 13 (emphasis added)), and that Defendant could not guarantee their ability to book a "stay at a particular . . . hotel or resort during any specific time," (Dkt. 132-3 at 54; Dkt.132-5 at 151). To the extent that Plaintiffs believe Defendant made statements omitting material information concerning availability at its resorts, the statements are not actionable, since a party "cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract." *Yatak v. La Placita Grocery of Fort Pierce Corp.*, 383 So. 3d 497, 504 (Fla. Dist. Ct. App. 2024) (quotation omitted); *accord Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007) ("No action for the tort of fraud in the inducement will lie where the alleged fraud contradicts a subsequent written contract.

Reliance on fraudulent representations is unreasonable as a matter of law in such situations." (citation omitted)).

Finally, Plaintiffs' fraudulent inducement claims fail because Plaintiffs have not shown that Defendant needed to disclose this information. "A defendant's knowing concealment or non-disclosure of a material fact may only support an action for fraud where there is a duty to disclose." *Yatak*, 383 So. 3d at 504 (citation omitted); *accord Altimas v. Whitney*, No. 209CV682FTM36SPC, 2010 WL 11507317, at *4 (M.D. Fla. Dec. 9, 2010) ("In the case of fraud in the inducement, an affirmative duty to disclose must also be pled by the plaintiff." (citation omitted)). "Such [a] duty arises when one party has information that the other party has a right to know because of a fiduciary or other relation of trust or confidence between them." *Yatak*, 383 So. 3d at 504 (citation omitted and alterations adopted). In moving for reconsideration, Plaintiffs have not presented facts to show that such a relationship existed between them and Defendant. (*See* Dkts. 133, 163.) Plaintiffs have not shown that there is a genuine issue for trial on Count Two. Accordingly, the court will not reconsider its decision to grant summary judgment on that cause of action.

### B. Count Three

In Count Three, Bedgood claims that Defendant violated the Tennessee Timeshare Act (TTA) when it misrepresented whether he could use timeshare points to book a vacation in Orange Beach, Alabama. (*See* Dkt. 90 ¶ 97.) Defendant moved for summary judgment, citing Bedgood's deposition testimony, which acknowledged Defendant's disclosure that it did not have a resort in that city. (Dkt. 131 at 17.) This

disclosure notwithstanding, Bedgood urged the court to deny summary judgment because he was also "told that he could use his timeshare" points to find other accommodations in Orange Beach, "presumably through [an] exchange service." (Dkt. 133 at 15.) Bedgood did not cite evidence to support this claim, (*see* Dkt. 162 at 12), and he provided conflicting testimony during his deposition, (*see* Dkt. 132-2 at 29–31). Accordingly, the court granted summary judgment. (Dkt. 162 at 13.)

In moving for reconsideration, Bedgood points to deposition testimony supporting his earlier assertion that Defendant said that there "should be . . . availability . . . through [its timeshare program in] Orange Beach." (Dkt. 163 at 13 (citing Dkt. 132-2 at 172–174).) This evidence comes too late. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *United States v. Approximately $3,275.20 Seized from Bank of Am. Acct. No.* 22905257244, No. 21-20614-CIV, 2024 WL 5166023, at *1 (S.D. Fla. Dec. 19, 2024) (denying a motion for reconsideration of a non-final order where the moving party failed to explain why it had not presented the evidence supporting its motion for reconsideration in opposition to the underlying motion (citing *Mays*, 122 F.3d at 46)). Bedgood had this evidence when responding to the motion for summary judgment; he failed to cite it. (*See* Dkt. 132-2; Dkt. 133 at 15-16.) For that reason, Bedgood's deposition testimony does not warrant reconsideration. *See Mays*, 122 F.3d at 46.

It also makes no difference that Bedgood's deposition transcript was an exhibit to Plaintiffs' brief, because "district courts are not required to 'mine' the record looking for evidence [that is] not presented by the parties." *A.L. v. Jackson Cnty. Sch. Bd.*, 635 F. App'x 774, 786 (11th Cir. 2015) (citing *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057 (11th Cir. 2011)). The court must consider only the materials cited by the parties and "may decide a motion for summary judgment without undertaking an independent search of the record." *Id.* (quotation omitted). Bedgood did not cite evidence supporting his claim that Defendant misrepresented whether he could use timeshare points to book a vacation in Orange Beach, and the court did not need to search for such evidence.

Nevertheless, Bedgood's belated evidence would not change the outcome on summary judgment. Although he testified that Defendant stated that there "*should be* . . . availability . . . through [its timeshare program in] Orange Beach," (Dkt. 132-2 at 172–174 (emphasis added), Bedgood also acknowledged that Defendant stated that it owned no resorts in that city, (*id.* at 27). He further testified that Defendant did not provide any specifics about the accommodations, if any, that were available in Orange Beach, and he did not ask for additional information or try to determine what accommodations were available before making his purchase. (*Id.* at 25–31, 172–174.) He just relied on the representation that there *should be* some availability. (*Id.* at 26:14–20, 171:23–172:2.)

Defendant's ambiguous statement about availability in Orange Beach does not create a genuine issue of material fact preventing summary judgment. A non-moving

party "cannot survive a motion for summary judgment by presenting a mere scintilla of evidence." *Jackson v. Jackson*, 724 F. App'x 905, 909 (11th Cir. 2018) (citation omitted)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When considered alongside all the other evidence, the statement that there should be something in Orange Beach would not allow a reasonable jury to find that Defendant misrepresented "the size, nature, extent, qualities, or characteristics of [its] accommodations" or "the contents of the time-share program" in violation of the TTA. *See* Tenn. Code Ann. § 66-32-132(8), (11).

Bedgood offers one more argument in favor of reconsideration. He contends that the court erred in granting summary judgment because, "as argued in Plaintiffs' [o]pposition [m]emorandum. . . . Bedgood was subject to the same material omissions as the other Plaintiffs and would not have signed a contract had he known about the omissions." (Dkt. 163 at 14.) Two points bear mentioning. First, Bedgood did not, as he now suggests, cite Defendant's omissions as a basis for liability under the TTA. (*See* Dkt. 133 at 15–16.) Instead, he framed his opposition to summary judgment in terms of what Defendant said, not what it failed to say. (*See id.* ("[Bedgood] was *told* that he could use his timeshare to find Orange Beach accommodations, presumably through exchange services. . . . *[Defendant]'s representation* that . . . Bedgood could use his timeshare to find accommodations in Orange Beach is a TTA violation." (emphasis added)).) As discussed above, Bedgood was responsible for framing his arguments.

*See Sineneng-Smith*, 590 U.S. at 375. Having grounded his opposition in Defendant's affirmative representations about availability, Bedgood may not use his motion for reconsideration to press a new theory of liability. *See Cruz v. Aladro*, 129 F. App'x 549, 551 (11th Cir. 2005) ("Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." (quotation omitted)). Second, had Bedgood raised this theory of liability, as he suggests, the result would be the same, as motions for reconsideration cannot be used to relitigate matters raised in the prior motion. *See Wilchombe*, 555 F.3d at 957 (citations omitted). A district court does not abuse its discretion when it denies a motion for reconsideration based on "new arguments and theories," when the moving party fails to explain why it did not make those arguments in response to the underlying motion. *See Fults v. GDCP Warden*, 764 F.3d 1311, 1318 (11th Cir. 2014) (alterations adopted and quotation omitted). Bedgood does not explain why he failed to cite Defendant's omissions in his response to the motion for summary judgment. (*See* Dkt. 163 at 13–14.)

Further, Bedgood does not explain how Defendant violated the TTA when it purportedly failed to disclose the share of timeshare owners who go on vacation and get their preferred locations. (*Id.*; Dkt. 133 at 15–16.) To defeat a motion for summary judgment, a party must "designate specific facts showing that there is a genuine issue for trial," *Maxi-Taxi*, 301 F. App'x at 885, and "articulate the precise manner in which that evidence support[s] their claim," *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Because Bedgood does not articulate how the evidence of Defendant's alleged

omissions supports his cause of action under the TTA, he has not identified a genuine dispute of material fact precluding summary judgment. The court will not reconsider its decision to grant summary judgment on Count Three.

### C. Counts Four and Five

In Counts Four and Five, the Brandons claim that Defendant misrepresented the availability of accommodations at its resorts in violation of South Carolina law. (Dkt. 90 ¶¶ 99–107.) Defendant moved for summary judgment, citing evidence that it made numerous disclosures undermining the Brandons' claims. (Dkt. 131 at 19.) For their part, the Brandons argued that summary judgment was improper because Defendant had promised "wide availability[,] exclusivity[,] savings [approaching] tens of thousands of dollars[,] . . . and the ability to refinance their 15.49% interest rate." (Dkt. 133 at 17 (quotation omitted).) The amended complaint did not allege that Defendant made any misrepresentations or omissions besides those related to availability, so the court limited its analysis to that issue. (Dkt. 162 at 13–14.) *See Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 859 (11th Cir. 2020) ("[P]laintiff[s] cannot amend [their] complaint through argument made in [their] brief in opposition to the defendant's motion for summary judgment." (quotation omitted)). Ultimately, the court determined that there were no genuine issues for trial and awarded Defendant summary judgment. (Dkt. 162 at 13–18.)

The Brandons move for reconsideration on both counts, asserting that the court overlooked several key pieces of evidence. (*See* Dkt. 163 at 14–15.) For Count Four, the Brandons point to a sales script statement buried within Exhibit J and a statement

in Joel Brandon's affidavit for the proposition that they were told "not to worry about availability." (*See id.*)  Neither piece of evidence warrants reconsideration.  The court considered Joel Brandon's affidavit in deciding the motion for summary judgment, (*see* Dkt. 162 at 14), so Plaintiffs cannot relitigate its significance in their motion for reconsideration, *see Wilchombe*, 555 F.3d at 957.  Further, Plaintiffs had the sales script when they responded to the motion for summary judgment but did not use it to support their argument.  (*See* Dkt. 133 at 12, 16–18.)  As a result, they cannot cite it now, *see Mays*, 122 F.3d at 46.

    Even if the court were to consider the sales script in deciding the motion for summary judgment, the result would be the same.  The Brandons highlight a vague sentence suggesting that "[y]ou can go anywhere/anytime and stay in any size accommodation for any number of nights," which, they contend, shows that they were "told that they could book a specific resort during the exact time they wanted to travel."  (Dkt. 163 at 5.)  It does not.  Viewed in context, this sentence is part of a dialogue contrasting the merits of buying a vacation home and renting a timeshare.  (*See* Dkt. 140-4 at 3.)  It does not guarantee that timeshare owners can rent an accommodation of any size, in any place, at any time; it illustrates a choice between buying a vacation home, which provides the same experience year after year, and renting a timeshare, which offers the opportunity to explore someplace new each time the owner travels.  (*See id.*)  The sales script does not create an issue that would preclude summary judgment.

The Brandons also contend that reconsideration is warranted to consider evidence of Defendant's alleged omissions. (Dkt. 163 at 15.) The Brandons limited their argument when opposing summary judgment to Defendant's affirmative representations, (Dkt. 133 at 16–18 (citing Dkt. 133-8 ¶¶ 10–14, 18–20, 26–30)), so they cannot use their motion for reconsideration to advance this theory of liability, *Wilchombe*, 555 F.3d at 957 (quotation omitted). That said, this evidence would not have changed the result on summary judgment, because the Brandons do not explain how Defendant's alleged omissions violate the South Carolina Timeshare Act or the South Carolina Unfair Trade Practices Act. (*See* Dkt. 133 at 17–18; Dkt. 163: 14–15.) As previously discussed, to defeat a motion for summary judgment, a party must articulate how the facts it has identified support its claim and create a genuine issue for trial. *Maxi-Taxi*, 301 F. App'x at 885; *Forsyth*, 19 F.3d at 1537. Because the Brandons do not explain how Defendant's alleged omissions support causes of action under these statutes, they have not identified genuine disputes of material fact preventing summary judgment.

In any case, the Brandons' contract states that availability cannot be guaranteed. (*See* Dkt. 90-2 at 13; Dkt. 132-3 at 54; Dkt. 132-5 at 151.) "It is well settled in [South Carolina] that one cannot complain of fraud in the misrepresentation of the contents of a written instrument in his possession when the truth could have been ascertained by his reading the instrument." *Doub v. Weathersby-Breeland Ins. Agency*, 233 S.E.2d 111, 114 (S.C. 1977); *Regions Bank v. Schmauch*, 582 S.E.2d 432, 445 (S.C. Ct. App. 2003) (same) (quotation omitted). At bottom, the Brandons' interpretation of the sales

script and their assertion that Defendant's omissions misled them are belied by the plain language of their contract. Accordingly, the court will not reconsider its decision to grant summary judgment on Counts Four and Five.

## CONCLUSION

Plaintiffs' motion for partial reconsideration (Dkt. 163) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 30, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record